## CIRCUIT COURT OF FAIRFAX COUNTY

Board of Supervisors
of Fairfax County

v.

James D. Smith et al.

April 19, 1989

Case No. (Law) 85430

By JUDGE JACK B. STEVENS

This matter is before the Court upon the Board's two Exceptions to the Condemnation Commissioners' Report determining the fair market value of defendants' land taken for the Springfield Bypass Road project and damages to the residue of defendants' land from the take. Both Exceptions are predicated upon evidentiary rulings of the Court which precluded the Commissioners from hearing certain evidence.

Exception No. 1 concerns the Court's ruling which precluded an expert witness for the Board from giving his opinion that the defendants here could have been required to "proffer" part of their land (including the very area condemned here for the bypass) as well as construct noise attenuation devices in order to obtain the rezoning of their property to its "highest and best use." Exception No. 1 is overruled. Aside from the question of speculation involved in what might or might not be required of a zoning applicant, the dedication issue raised

by this exception is controlled by *Board of Supervisors of James City County v. Rowe*, 216 Va. 128 (1975), cited by defendants. *James City* clearly holds that local governing bodies are constitutionally prohibited from requiring dedication as a condition of zoning where the need for such dedication is substantially generated by public traffic demands rather than by the proposed development. 216 Va. at 138. The matter of noise attenuation was properly submitted as a matter of damages. Cf. *Long v. Shirley*, 177 Va. 401, 415 (1941).

Exception No. 2 concerns the Court's ruling that any "enhancement" of the residue of defendants' remaining land as an offset to any damages to the residue is limited to the "peculiar benefits" to the residue pursuant to Section 25-46.20 rather than the "general enhancement" to the residue by reason of the "construction or improvement" made to the land taken pursuant to § 33.1-130.

Resolution of Exception No. 2 is not without difficulty. The Board alleged that this condemnation was authorized by §§ 15.1-14, 15.1-238, 15.1-522, and 25-232. Section 15.1-238(e) vests the Board with the powers set forth in §§ 33.1-119 through 33.1-129 to effect a "quick take" of the property prior to the actual condemnation hearing. As defendants point out, however, § 15.1-238(e) notably does not include § 33.1-130. The Board responds that Section 33.1-130 promulgates no "powers" but is rather a rule concerning damages. The Court views that section as a procedural rule.

Section 33.1-98 states that proceedings for condemnation "under this article," i.e., Article 7, Eminent Domain and Damages, shall be in accordance with the procedures of Title 25, except that the provisions of §§ 33.1-119 through 33.1-132 shall be applicable. On the other hand, Section 25-232, the primary authorizing Code section here, specifically directs that proceedings under § 25-46.1 et seq., "shall be according to the provisions of that chapter (Chapter 1.1 (§ 25-46.1 et seq.)) so far as they can be applied to the same . . . ."

The Court is of the opinion that this proceeding is under Title 25 and not Title 33; only certain selected sections of Title 33 being vested in the Board to effect the "quick take." Additionally, the Court is of the opinion that Title 33, and thus § 33.1-98, applies only to condemna-

tions by the State Highway Commissioner and not to entities such as the Board. Further, where one statute, such as Section 33.1-130, speaks to a subject in a general way and another, such as § 25-46.20, deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails. *Hudler v. Coke*, 236 Va. 389, 393 (1988); *Va. National Bank v. Harris*, 220 Va. 336, 340 (1979). The Court therefore holds that the damage offset procedural provisions of § 25-46.20 apply. To hold otherwise would allow the Board to effectively repeal § 25-46.20 by the simple expedient of utilizing the "quick take" method of condemnation.

The Court being of opinion that the more restricted offset provisions of § 25-46.20 apply, Exception No. 2 is overruled.