### In re Dorothy BAYLIES, Debtor.

### Bankruptcy No. 89–00872.

United States Bankruptcy Court, District of Columbia.

May 16, 1990.

Supplemental Decision concerning Motion to Dismiss May 23, 1990.

John W. Days, Rockville, Md., for debtor.

Claire Whitaker, Asst. U.S. Atty., Washington, D.C., for creditor.

Robert O. Tyler, Alexandria, Va., Trustee.

## DECISION CONCERNING MOTION TO DISMISS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

This case presents the question whether the Court ought to grant the debtor's unopposed motion to dismiss made after entry of a discharge when substantial non-exempt estate assets exist that have not been distributed to creditors. The Court concludes that the motion must be denied.

The debtor's sole creditor is the St. Elizabeth's Hospital on whose behalf the United States Attorney has filed a proof of claim for $67,040.00 as a general unsecured claim. By order entered February 12, 1990, the Court disallowed the debtor's claimed exemptions of $74,942.80 in deposits. On March 6, 1990, this Court granted a discharge of the debtor under 11 U.S.C. § 727. No reaffirmation agreement was filed. The debtor, an incompetent, through her successor conservator, now moves to dismiss, representing that she "will arrange to resolve [her] only liability outside of this proceeding." She represents that the trustee consents to the granting of the motion. The sole creditor has been silent on the matter.

■ The effect of a dismissal of a case is governed by 11 U.S.C. § 349(b). Under § 349(b) dismissal would revest the property of the estate in the debtor. But there is no provision in § 349(b) that dismissal makes ineffective a discharge order entered prior to dismissal. Indeed, the legislative history to 11 U.S.C. § 349(a) indicates the contrary. Under § 349(a) a dismissal does not bar the debtor from receiving a discharge in a later case. The legislative history to § 349(a) states—

> Of course, this subsection refers only to pre-discharge dismissals. If the debtor has already received a discharge and it is not revoked, then the debtor would be barred under § 727(a) from receiving a discharge in a subsequent liquidation case for six years....

S.Rep. No. 989, 95th Cong., 2nd Sess. 48; H.R.Rep. No. 595, 95th Cong., 1st Sess. 338, U.S.Code Cong. & Admin.News 1978, 5787, 5834, 6294. *See Matter of Bishop*, 74 B.R. 677 (Bankr.M.D.Ga.1987) (discharge in previously dismissed Chapter 11 case barred granting of discharge in subsequent Chapter 7 case filed within six years of the filing of the earlier Chapter 11 case).

■ The discharge has not been revoked in this case and a dismissal would not nullify the effect of the discharge. The debtor's sole creditor would be barred from collecting its claim of $67,040.00 from non-exempt assets exceeding the amount of the claim. As stated in *Matter of Shell*, 14 B.R. 1010, 1011 (Bankr.E.D.Wis.1981), "Ordinarily a motion to dismiss a voluntary petition should be made before the discharge is entered because the discharge is tantamount to a final judgment in the case and establishes the rights of the parties." Dismissal under 11 U.S.C. § 707(a) is discretionary and ought not be granted when prejudice to creditors will result. *In re Williams*, 15 B.R. 655 (E.D.Mo.1981). The motion to dismiss must be denied.

## SUPPLEMENTAL DECISION CONCERNING MOTION TO DISMISS

After the time for objecting to the debtor's motion to dismiss had expired, the United States and the debtor's successor conservator lodged a proposed Consent Order for Compromise and Consent to Dismissal in which the United States, the sole creditor, objects to dismissal unless the Court approves a compromise whereby the debtor's successor conservator is directed to cause $51,000 to be paid to the United States after dismissal of the case. The

Court had already acted on the motion to dismiss before the proposed order came to its attention. The Court declines to sign the proposed order.

By reason of 11 U.S.C. § 524(c), once a discharge is entered, an agreement for a creditor to collect a dischargeable debt is enforceable only if such agreement was made before the granting of the discharge, only if certain other procedures are followed, and only if the debtor does not rescind the reaffirmation agreement within 60 days of its filing. The discharge appears to have been entered well before any agreement being reached by the debtor and the United States. In any event the other requirements of 11 U.S.C. § 524(c) have not been met and may be impossible to meet because the debtor is an incompetent.

As long as the discharge is in effect, this Court is powerless to enforce an agreement that $51,000 will be paid after dismissal of this case. This decision may appear to be overly technical: the trustee, the debtor and the sole creditor do not oppose entry of the consent order and the debtor's funds will be subject to the claim of the creditor if this case is not dismissed. But the Court is bound by the terms of 11 U.S.C. § 524(c), and alternatives may be available to effect substantially the same result.