**In re Ronnie Estill CONYERS a/k/a Ron Conyers; R.E. Conyers d/b/a R.E. Conyers & Company, Debtor.**

No. 88–01817.

United States Bankruptcy Court, E.D. Kentucky, Lexington.

July 30, 1991.

Dean W. Bucalos, Lexington, Ky., for debtor.

John E. Hinkel, Jr., Lexington, Ky., for Engle Realty.

Joel Morgan, Lexington, Ky., Trustee.

## MEMORANDUM OPINION

JOE LEE, Chief Judge.

This case is pending on the motion of the debtor pursuant to title 11 U.S.C. § 522(f)(1) to avoid the lien of Engle Realty, Inc. on the residence of the debtor as a judicial lien that impairs an exemption of the debtor in real property.

*Findings of Fact:*

The residence of the debtor, a house and lot located at 1642 Lindy Lane, Lexington, Kentucky, is valued in the schedules to the petition at $48,000.00. The property is titled in the name of the debtor and his former wife, Linda Conyers. The property was awarded to the debtor in marriage dissolution proceedings upon his agreement to assume the indebtedness thereon. According to the schedules to the petition the property is subject to a mortgage in favor of Yvonne Caldwell on which there was at the time of commencement of this case a balance due of $44,000.00. A reaffirmation agreement entered into between the debtor and Yvonne Caldwell fixes the principal balance of the mortgage indebtedness as of the date of the filing of the petition herein as $43,215.00. The trustee filed a notice of abandonment of the estate's interest in the property.

The debtor and his former spouse, Linda Conyers, took title to the real property at 1642 Lindy Lane by deed dated May 1, 1987 and recorded May 4, 1987 in Deed Book 1439, page 521 in the Fayette County Clerk's office.

Engle Realty holds a claim against the debtor, Ronnie Estill Conyers, and his former spouse, Linda Conyers, in the amount of $4,321.95 as of the date of the commencement of this case, plus interest accruing thereon at the rate of 12% per annum, based on a default judgment entered by the Fayette Circuit Court on October 23, 1987.

It is stipulated, however, that the debtor and Linda Conyers were indebted to Engle Realty before they took title to the property at 1642 Lindy Lane, Lexington, Kentucky. The claim arises from a lease dated September 15, 1986, breached by the Conyers. As of March 1, 1987, the Conyers owed Engle Realty the sum of $8,000.00 under the lease, but the indebtedness has been reduced by the judgment and payments thereon to the above-stated balance.

On December 11, 1987 Engle Realty caused executions to be issued on its judgment of October 23, 1987 against the Conyers. On December 18, 1987 Engle Realty caused to be placed of record in the

office of the Fayette County Court Clerk a Lis Pendens notice of the executions outstanding and in the hands of the Sheriff of Fayette County. On January 18, 1988 the sheriff levied the executions on the interest of the debtor and Linda Conyers in the property at 1642 Lindy Lane.

The debtor has claimed a homestead exemption in the amount of $5,000.00 in the real property at 1642 Lindy Lane under KRS 427.060 which provides as follows:

427.060 Homestead and burial plot exemptions; exceptions

In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed $5000 in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon.

The "equity" of the debtor in the property at 1642 Lindy Lane over and above the nonavoidable consensual mortgage indebtedness thereon is somewhat less than the allowable exemption of $5,000.00. The execution lien of Engle Realty encumbers this "equity" of the debtor in the property.

According to the schedules to the petition the debtor owes substantial unsecured debts incurred prior to acquisition of the property in which he claims a homestead exemption and substantial unsecured debts incurred thereafter.

*Conclusions of Law:*

By the terms of the statute the Kentucky homestead exemption in real or personal property used as a residence by the debtor does not apply with respect to debts or liabilities that existed prior to purchase of the property, but does apply with respect to debts or liabilities that came into existence after the purchase of the property. Thus the statute precludes sale under exe-

cution of homestead property as a means of collection of some but not all claims reduced to judgment.

However, none of such claims that came into existence prepetition, whether or not dischargeable in bankruptcy, unless secured by a nonavoidable lien thereon, are collectible from exempt property of a debtor subsequent to bankruptcy, except as provided by title 11 U.S.C. § 522(c)(1).

Title 11 U.S.C. § 522(c)(1) provides that property exempt under section 522 is not liable during or after a case for any debt that arose before the commencement of the case, except a debt for nondischargeable taxes or a debt for alimony, maintenance or support, or a debt secured by a lien that is not avoided.

The question arises whether Congress by enactment of title 11 U.S.C. § 522(b) intended to permit states that opt out of the federal exemption package to not only prescribe property that may be claimed exempt but also to determine which claims are enforceable against exempt property during or after a bankruptcy case.

If under the authority reserved to them by Congress states have the power to permit or deny collection of certain claims from exempt property after bankruptcy whether or not such claims are dischargeable in bankruptcy, such power would appear to conflict with sections 522(c)(1), 523 and 524 of the Bankruptcy Code. 11 U.S.C. §§ 523(c)(1), 523 and 524. Theoretically, a state could deny collection from exempt property after bankruptcy of nondischargeable debts for taxes or for alimony, maintenance or support even though section 522(c)(1) of the Code permits collection of such debts from exempt property.

■ The court is driven to the conclusion that the determination of the types of debts that remain collectible after bankruptcy from exempt property is controlled by federal rather than state law. *Moore v. Bay,* 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931); *see also Owen v. Owen,* —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). State law will be enforced only to the extent that it is consistent with federal law.

It follows that the debtor in this case would be entitled to nearly the full amount of the allowable homestead exemption in his residence but for the lien of Engle Realty and that the judicial lien of Engle Realty impairs the homestead exemption of the debtor.

There perhaps remains the question of whether the decision in *In re Dixon*, 885 F.2d 327 (6th Cir.1989), is overruled by the decision of the Supreme Court in *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

In *Dixon* the court reasoned that under the language of the Ohio statute authorizing a homestead exemption, the exemption is impaired and the debtor is permitted to avoid a judicial lien pursuant to section 522(f) of the Code only when the property affected by the exemption is subject to an "execution, garnishment, attachment, or sale to satisfy a judgment or order."

The court did not consider the fact that the mere filing of a petition for relief under the Bankruptcy Code by an individual debtor appears to satisfy the requirement of the Ohio statute. It is black letter law that the filing of a petition in bankruptcy operates as a collective execution on property of the debtor in behalf of all creditors. From the date of the petition the trustee in bankruptcy is accorded the status of a creditor holding a judicial lien on property of the debtor on which a creditor on a simple contract could have obtained a judicial lien, and is also accorded the status of a creditor holding an execution against the debtor returned unsatisfied. 11 U.S.C. § 544(a). If a debtor fails to claim an exemption, the trustee may sell property that would otherwise be exempt to satisfy the claims of creditors. 11 U.S.C. § 363(b). Under these circumstances it is not readily apparent why the debtor's reliance on the homestead exemption in the *Dixon* case was perceived to be premature. The debtors' homestead exemption claimed in accordance with the requirements of Bankruptcy Rule 4003 was valid against the trustee as a judicial lien creditor and valid against creditors in general. Thus the exemption was impaired by the nonavoidable judicial lien of Ford Motor Credit Corporation.

In any event, the teaching of the *Owen* case is that the baseline against which impairment is measured is not an exemption to which the debtor "is entitled," but one to which the debtor "would have been entitled" but for the judicial lien in question. There is no doubt the debtor would be entitled to nearly the full amount of the allowable homestead exemption of $5,000.00 in this case but for the lien of Engle Realty, Inc. Accordingly, the lien is avoidable by the debtor. The avoidance of the lien passes the full interest of the debtor in the property to the estate and the debtor is permitted to claim his homestead exemption from property of the estate. *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

### ORDER

In conformity with the Memorandum Opinion of the court this day entered, the motion of the debtor to avoid the judicial lien of Engle Realty on the residence of the debtor is sustained.