**In re Elliott Ludwell Shearer, Debtor.**

**Elliott Ludwell SHEARER, Plaintiff,**

**v.**

**CRESTAR BANK, Defendant.**

**Bankruptcy No. 91–00675.**

United States Bankruptcy Court,
W.D. Virginia,
Lynchburg Division.

Oct. 11, 1991.

Richard P. Cunningham, Lynchburg, Va., for debtor/plaintiff.

Phillip R. Lingafelt, Gretna, Va., for Crestar Bank/defendant.

Sherwood S. Day, Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

Before the court is the motion of the debtor, Elliott Ludwell Shearer, to avoid Crestar Bank's lien on certain dental equipment which he claims as exempt pursuant to Va.Code § 34–26(7) and the motion of Crestar Bank objecting to the exemption.

### FACTS

On his schedules filed in this proceeding, the debtor claimed certain equipment which he uses in his dental practice as exempt pursuant to Va.Code § 34–26(7), which provides an exemption for tools of trade. At the time he filed his bankruptcy petition, the debtor owed Crestar Bank on three personal notes. The equipment was part of the collateral securing the indebtedness and the bank's nonpossessory, nonpurchase-money security interest was properly perfected.

Crestar objected to the claimed exemption asserting that tools of the trade cannot be exempted pursuant to Va.Code § 34–26(7) when the tools are subject to a prior perfected security interest. The debtor responded by arguing that the bank no longer held a perfected security interest because Va.Code § 34–28 voids nonpurchase-money security interests in property claimed exempt pursuant to Va.Code § 34–26. The debtor also filed a motion to avoid Crestar's lien pursuant to 11 U.S.C. § 522(f)(2)(B).

### DISCUSSION

A. *Va.Code § 34–28 does not void a perfected security interest in tools of the trade exempted pursuant to Va.Code § 34–26(7).*

Va.Code § 34–26, titled the "poor debtor's exemption," provides an exemption

from creditor process for various items of personal property, including tools and equipment used in a debtor's occupation or trade. Prior to being amended in 1990, none of the exemptions created by section 34–26 were subject to an exception for a perfected security interest. After the 1990 amendment, however, a perfected security interest was given priority over the exemption for tools of the trade and the one for a motor vehicle. As amended, Va.Code § 34–26(7) provides in relevant part:

> In addition to the exemptions provided in Chapter 2 (§ 34–4 et seq.) of this title, every householder shall be entitled to hold exempt from creditor process the following enumerated items ...
>
> (7) Tools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, *except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section.* (emphasis added)

Va.Code § 34–28,[1] which was not amended in 1990, expressly voids all nonpurchase-money security interests on property exempted under section 34–26, but leaves purchase money security interests in place. Prior to 1990, the effect of section 34–28 was the same on all property which could be exempted under section 34–26. Because section 34–28 was not amended in 1990 when section 34–26 was, a conflict exists between the language in subsection (7) of section 34–26 which gives perfected security interests priority over the exemption for tools of the trade and the language in section 34–28 which voids nonpurchase-money security interests in exempted property.

The debtor argues that even after the 1990 amendment to section 34–26, the exemptions for tools of the trade and motor vehicles continue to be subject to section 34–28 lien avoidance. If the debtor is correct, the language in section 34–26(7) which gives both purchase-money and nonpurchase-money security interests priority over a claim of exemption in tools of the trade does not mean what it says, and its effect is simply to duplicate the language in section 34–28 which only gives purchase-money security interests such priority.

In contrast, Crestar Bank argues that section 34–28 does not come into effect at all because the lien avoidance language applies only to "property exempt from distress or levy under § 34–26." In the bank's view, the fact that it has a perfected nonpurchase-money security interest in the dental equipment prevents the debtor from exempting it pursuant to section 34–26(7). According to the bank, therefore, section 34–28 cannot have any effect on its lien.

This court does not agree with either the bank's or the debtor's interpretations of the effect of the 1990 amendment to subsection 34–26(7). Adopting the debtor's position would have the effect of completely nullifying the 1990 amendment which gives priority to *all* perfected security interests. The court also disagrees with the bank's interpretation because it ignores the fact that amended subsection 34–26(7) just gives a perfected security interest *priority* over the exemption for tools of trade and does not purport to make such tools nonexemptible.

■ The court instead concludes that by amending section 34–26(7) using the words *perfected security interest,* the Virginia legislature meant to give *both* purchase-money and nonpurchase-money security interests priority over the exemption for tools of the trade. To the extent that amended subsection 34–26(7) conflicts with section 34–28, the language in subsection 34–26(7), which is the more specific and more recently enacted statute, will be given effect. *See Ingram v. Com.,* 1 Va.App.

---

1. Va.Code § 34–28 provides as follows:

Every deed of trust, mortgage or other writing or pledge made by a householder to give a lien on property exempt from distress or levy under § 34–26 shall be void as to such property; provided that this section shall have no application to property covered by a deed of trust, mortgage or other writing or pledge given by a householder to secure a loan made for the purchase thereof.

335, 338 S.E.2d 657, 660 (1986) (A statute of specific application is not controlled or nullified by a statute of general application unless the legislature clearly intended such a result.). *See also Hudler v. Cole*, 236 Va. 389, 374 S.E.2d 39, 42 (1988) and *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 257 S.E.2d 867, 870 (1979). Therefore Crestar Bank's nonpurchase-money security interest in the debtor's dental equipment is not voided by Va.Code § 34–28.

*B. Crestar Bank's nonpurchase-money security interest can be avoided pursuant to 11 U.S.C. § 522(f)(2)(B).*

The debtor also argues that he is entitled to avoid the bank's nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f). Section 522(f) provides in part as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor;

.    .    .    .    .

In order to avoid the bank's lien pursuant to section 522(f)(2)(B), the debtor must show that the lien impairs an exemption to which the he would have been entitled under subsection 522(b).

Subsection 522(b) provides that a debtor may exempt from property of the estate property that is set out in the federal exemptions in section 522(d) or property that is made exempt by the laws of the state in which the debtor resides, unless the state restricts the debtor to state exemptions. Va.Code § 34–3.1 allows Virginia residents to use only the exemptions created under state law. In order for a Virginia debtor to avoid a lien pursuant to section 522(f)(1) or (2), therefore, the debtor must be entitled to an exemption under state law.

■ The debtor, of course, claims that but for the bank's nonpossessory nonpurchase-money lien, his dental equipment would be exempt pursuant to Va.Code § 34–26(7). According to the bank, however, the debtor is not entitled to an exemption in his tools because of the language in Va.Code § 34–26(7) which gives the bank's lien priority over the debtor's claim of exemption. The court agrees with the debtor.

In *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the United States Supreme Court held that a judicial lien may be avoided under 11 U.S.C. § 522(f)(1) even though a state's definition of exempt property specifically excludes property encumbered by such liens.[2] This is so because in order to determine when a lien can be avoided pursuant to section 522(f), the bankruptcy court should not ask whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which the debtor would have been entitled under the applicable state law but for the lien itself.

The *Owen* decision did not change the law in the Fourth Circuit. In *In re Snow*, 899 F.2d 337 (4th Cir.1990), the Court of Appeals held that a judicial lien for unpaid rent on the debtors' personal property could be avoided pursuant to 11 U.S.C. § 522(f) to the extent it impaired the homestead exemption that the debtors could have claimed in the property. This was true even though Va.Code § 34–5 at that time provided that the homestead exemption did not extend to an execution order for rent. In the words of the court, "since Virginia law allows the property to be exempted if no security interest exists, a security interest could be avoided under section 522(f)."

**2.** The court notes that Va.Code § 34–26(7) does not *exclude,* or prevent the exemption of, tools of the trade which are encumbered by perfected security interests. Instead the statute simply gives the holder of the security interest priority over the exemption.

**316**

The Fourth Circuit also recently applied *Owen* by holding that a North Carolina statute which limits a homestead exemption to the duration of the debtor's residence could not be applied in preference to the avoidance power of section 522(f). *In re Opperman*, 943 F.2d 441 (1991).

The bank suggests that *Owen* and *In re Snow* may not be controlling because both decisions dealt with the avoidance of a judicial lien pursuant to 11 U.S.C. § 522(f)(1) instead of a nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f)(2). There is no basis for making such a distinction. The cases cited by the bank in support of its position were decided before the Supreme Court decided *Owen* and the reasoning supporting them was expressly overruled therein. See *Owen* 111 S.Ct. at p. 1836.

> As this court has previously stated:
>
> Section 522(f) permits a debtor to avoid a lien that impairs an exemption to which the debtor "would have been entitled." The use of the phrase "would have been entitled" denotes a condition contrary to fact. Thus, the court reads section 522(f) as permitting a debtor to avoid a lien if the lien impairs an exemption that the debtor could claim under state law *but for* the lien. In other words, to determine if a lien impairs an exemption, the court must look to the exemptions available under state law as if the lien sought to be avoided did not exist. If state law permits the exemption of the property in the absence of the lien, then the debtor may utilize section 522(f) to avoid the lien, despite the state's classification of the lien-encumbered property as not exempt. *In re Snow*, 71 B.R. 186, 188 (Bkrtcy.W.D.Va.1987).

No authority indicates that this reasoning should be limited to judicial liens described in subsection 522(f)(1). Accordingly, this court concludes that both subsections (f)(1) and (f)(2) of section 522 permit the debtor to avoid liens on property that would have been exempt if not encumbered by the lien. And this is true whether Va.Code § 34–26(7) makes tools which are subject to a perfected security interest not exempt, as the bank argues, or whether section 34–26(7) simply gives the perfected security interest priority over the exemption, as this court holds herein.

### CONCLUSION

For the reasons stated above, this court will enter an order granting the debtor's motion to avoid the nonpossessory, nonpurchase-money security interest Crestar Bank holds in the debtor's dental equipment.