**In re Anthony PUHL, Debtor.**

**Bankruptcy No. 91–31163.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 31, 1992.

Elliot H. Feit, Toledo, Ohio, for debtor.

Howard Hershman, Toledo, Ohio, for City Loan.

OPINION AND ORDER GRANTING
MOTION TO AVOID LIEN

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon Debtor's motion to avoid a nonpossessory nonpurchase money lien on Debtor's household goods pursuant to 11 U.S.C. § 522(f) to which City Loan Financial Services, Inc. has objected. In light of the United States Supreme Court's recent holding in *Owen v. Owen,* 500 U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the court finds that said motion is well taken and should be granted

and that the lien of City Loan Financial Services, Inc. should be avoided.

## FACTS

On March 25, 1991, Debtor filed his voluntary petition under chapter 7 of title 11. Thereafter, Debtor filed the instant motion to avoid lien pursuant to 11 U.S.C. § 522(f). Debtor requests that the lien in certain household goods and furnishings of City Loan Financial Services, Inc. (City Loan) be avoided as it impairs Debtor's exemption. City Loan objected to Debtor's motion.

The parties have stipulated that City Loan holds a nonpossessory, nonpurchase money interest in personal property of Debtor and that all the items subject to City Loan's security interest fall within the definition of household furnishings. Debtor states that the issue is whether "a consensual nonpossessory, nonpurchase money security interest in household goods can be avoided in Ohio, pursuant to the recent Supreme Court decision of *Owen vs. Owen.*" Brief of Debtor in Support of Motion to Avoid Lien at 1 (September 30, 1991). City Loan contends that Debtor, as of the filing of his petition, had no exemption in the household goods since Ohio's exemption statute limits exemptions to property not subject to preexisting liens. Brief of City Loan at 2 (September 19, 1991).

## DISCUSSION

Debtor's motion is premised upon 11 U.S.C. § 522(f) which provides that:

(f) Notwithstanding any waiver of exemptions, the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this section, if such lien is—

\*     \*     \*     \*     \*     \*

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods....

This section, then, permits Debtor to avoid a nonpossessory, nonpurchase money security interest in certain household goods to the extent a lien impairs an exemption to which Debtor would be entitled under § 522(b). Debtor claims an exemption in the items pledged to City Loan pursuant to O.R.C. § 2329.66 (Ohio has "opted out" of the federal exemptions pursuant to 11 U.S.C. § 522(b)). A person's exemptions under Ohio law are, however, limited to property not subject to preexisting liens. O.R.C. § 2329.661.

Previously, this circuit has held that "[u]nder Ohio law, a Debtor may exempt only an interest in property that is not subject to any third party liens." *In re Spears,* 744 F.2d 1225, 1225 (6th Cir.1984) (following *In re Pine,* 717 F.2d 281 (6th Cir.1983)), *cert. denied* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984). City Loan infers that *Pine* still controls, unless it has been modified or overruled by *Owen v. Owen,* 500 U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). That is, City Loan argues that its lien does not impair Debtor's exemption because Ohio's exemption statute does not permit Debtor to assert an exemption against a pre-existing lien; this court, however, believes *Pine* and *Spears* are no longer controlling.

The parties agree that *Owen v. Owen,* 500 U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) governs the instant motion. The question in *Owen* was whether § 522(f), providing that liens may be eliminated, "can operate when the State has defined the exempt property in such a way as specifically to exclude property encumbered by [such] liens." 500 U.S. at ——, 111 S.Ct. at 1834, 114 L.Ed.2d at 356. The Supreme Court in *Owen* stated that

... § 522(f)—which establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor 'is entitled,' but one to which he 'would have been entitled.' The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. 'Would have been' but for what? The answer given, with respect to the federal exemptions,

has been but for the lien at issue, and that seems to us correct.

*Id.* 500 U.S. at ——, 111 S.Ct. at 1837, 114 L.Ed.2d at 359 (emphasis omitted). The *Owen* court further analyzed that § 522(f) applies identically to federal and state exemptions. *Id.* at ——, 111 S.Ct. at 1838, 114 L.Ed.2d at 360. Thus, if Debtor would have been entitled to an exemption but for City Loan's nonpossessory, nonpurchase money security interest, Debtor may avoid that lien to the extent it impairs an exemption to which he would have been entitled. Although the Ohio exemption statute attempts to limit Debtor's exemption to property not subject to any third party liens, this built in limitation contravenes application of § 522(f); Debtor may avoid City Loan's lien.

The fourth circuit, in *In re Opperman*, 943 F.2d 441 (4th Cir.1991), citing *Owen*, held that Debtor could avoid a lien stating that:

> [i]t is clear to this Court that the provision of [state exemption statute] limiting the homestead exemption to the duration of the Debtor's actual residence in that place must not be applied in preference to the avoidance power of section 522(f). Such a lien may be avoided if it impairs the Debtor's exemption, either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme.

*Id.* at 443. *See also In re Kelly*, 133 B.R. 811 (Bkrtcy.N.D.Tex.1991) (creditor's lien impairs Debtors from claiming the property as exempt, in that Debtors would be entitled to an interest in the property, to which a § 522(b) exemption could attach in the absence of the lien; Debtor's motion to avoid the lien is granted). Again, a state statute, limiting an exemption may not be followed as it frustrates application of § 522(f).

Furthermore, in *In re Conyers*, 129 B.R. 470 (Bkrtcy.E.D.Ky.1991), a creditor held a lien which encumbered Debtor's equity in real property in which Debtor claimed a homestead exemption. That court stated that

the teaching of the *Owen* case is that the baseline against which impairment is measured is not an exemption to which the debtor 'is entitled,' but one to which the debtor 'would have been entitled' but for the judicial lien in question. There is no doubt the debtor would be entitled to nearly the full amount of the allowable homestead exemption of $5,000.00 in this case but for the lien of [creditor]. Accordingly, the lien is avoidable by the debtor. The avoidance of the lien passes the full interest of the debtor in the property to the estate and the debtor is permitted to claim his homestead exemption from property of the estate.

*Id.* at 473 (citing *Owen* ).

Finally, in *In re Sullins*, 135 B.R. 288 (Bkrtcy.S.D.Ohio 1991), the court granted a motion to avoid a nonpossessory nonpurchase money security interest in household goods. The court concluded that:

> it is not possible to treat state law, Ohio law concerning exemptions, differently than the Supreme Court has required; and, accordingly, we believe that the Supreme Court's decision with regard to the lien avoidance provisions of 11 U.S.C. § 522(f)(1) and (2) permits debtors to avoid non-purchase money, non-possessory security agreements and that *Pine* and *Spears* no longer prevent this result.

*Id.* at 290–91. *See also In re Shearer*, 132 B.R. 313 (Bkrtcy.W.D.Va.1991) (this court concludes that both subsections (f)(1) and (f)(2) of § 522 permit the Debtor to avoid liens on property that would have been exempt if not encumbered by the lien).

In light of *Owen* and concurring with *Sullins*, this court finds that Debtor would have been entitled to an exemption but for the lien of City Loan and thus the lien of City Loan may be avoided. *See Shearer*, 132 B.R. at 316 (if state law permits the exemption of the property in the absence of the lien, then the Debtor may utilize § 522(f) to avoid the lien, despite the state's classification of the lien-encumbered property as not exempt (citation omitted)); *Conyers*, 129 B.R. at 473 (the determination of the types of debts that remain collectible after bankruptcy from exempt

**490**

property is controlled by federal rather than state law; state law will be enforced only to the extent that it is consistent with federal law). Although Ohio's exemption statute attempts to limit Debtor's exemption in property not subject to any third party liens, this limitation cannot preclude the application of § 522(f). As a result, Debtor may avoid City Loan's lien to the extent it impairs an exemption. It is therefore

ORDERED that the nonpossessory, nonpurchase money lien of City Loan Financial Services, Inc. on Debtor's household goods and furnishings be, and it hereby is, avoided.