In re Marc M. BAUMGARTEN, Billie
Kay Baumgarten, Debtors.

Bankruptcy No. 3–92–04704.

United States Bankruptcy Court,
S.D. Ohio, W.D.

April 12, 1993.

**67**

John Paul Rieser, Dayton, OH, trustee.

Thomas G. Eagle, Franklin, OH, for debtors.

---

DECISION AND ORDER GRANTING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION, AND ORDER DENYING DEBTORS' MOTION TO DISMISS CHAPTER 7 CASE

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court for decision following a hearing upon the trustee's objection to the debtors' exemption relative to a 1976 Chevrolet Corvette automobile and the debtors' motion to dismiss their chapter 7 case.

This is a contested matter arising in the debtors' bankruptcy case. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate, and (b)(2)(B)—allowance or disallowance of exemptions from property of the estate.

FACTS

The court finds that Marc M. Baumgarten ("debtor") owned a 1976 Corvette automobile on which Southeast Bank had a first lien. On January 29, 1991, debtor borrowed $7,000 from his father, Bernard Baumgarten, and gave a note for $8,000 which included an existing $1,000 loan. In July, 1991, the debtor used part of the loan funds to complete his payments to Southeast Bank. The debtor had owned an automobile dealership in Florida until the summer of 1991, at which time he left that business and moved to Middletown, Ohio, to look for employment. His father wanted his loan secured by the 1976 Chevrolet Corvette after the Southeast Bank lien was released. The debtor obtained forms from the Clerk of Courts, Auto Title Division, for noting the lien on the Ohio title. He sent these documents to his father, who took many weeks to complete them. It was not until March, 1992, that the lien to Bernard Baumgarten was noted on the Ohio title to the 1976 Chevrolet Corvette automobile (Exhibit 6).

During these several months the debtor exhausted his savings paying his living expenses. He filed his bankruptcy petition on October 29, 1992. It was clear from two appraisals (Exhibits 7 and 8) that the 1976 Chevrolet automobile had a value of $4,000 to $4,500 at the time of the bankruptcy filing. As of the hearing on March 23, 1993, estimated needed repairs to the automobile were $934.39. In his schedules the debtor claimed an exemption of $1,000 in the 1976 Chevrolet.

The trustee objected to the debtor's exemption claim regarding the automobile on the basis that if the debtor made a preferential lien transfer within one year prior to filing his bankruptcy petition, then the debtor is not eligible under § 522(g) of the Bankruptcy Code to claim an exemption in the automobile. The trustee has also objected to the debtors' motion to dismiss their chapter 7 petition.

CONCLUSIONS OF LAW

The first issue before the court is whether the debtor is entitled to an exemp-

tion in his 1976 Corvette. In the event that the trustee in bankruptcy is successful in his anticipated adversary proceeding against the debtor's father to avoid the father's security interest in the automobile as a preferential transfer under 11 U.S.C. § 547, it is clear that the debtor will not be eligible to claim an exemption in that property. Section 522(g) of the Bankruptcy Code provides that:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property; or
>
> (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

"Under the Bankruptcy Code, a debtor may in some circumstances, claim an exemption in property avoided as a preferential transfer. 11 U.S.C. § 522(g), however, provides that a debtor may not claim an exemption in such property *if the transfer avoided was a voluntary transfer of the debtor.*" *Carter v. Homesley (In re Strom)*, 46 B.R. 144, 148 (Bankr.E.D.N.C. 1985) (emphasis supplied).[1] Although § 522(g)(1)(A) does not specifically refer to § 547, the section nevertheless "applies to property recovered under the preference statute since § 550 includes the recovery of a preferential transfer" under § 547. *In re Rollins*, 63 B.R. 780, 782 (Bankr. E.D.Tenn.1986).

■ If the trustee's efforts to avoid the lien as a preferential transfer are unsuc-

cessful, the debtor is still not entitled to an exemption. This is because the amount of the father's lien exceeds the value of the motor vehicle, and a debtor's exemptions, under Ohio law, are limited to property interests not subject to preexisting liens. Ohio Rev.Code § 2329.661(C); *In re Puhl*, 136 B.R. 487, 488 (Bankr.N.D.Ohio 1992).[2]

As a result, whether the trustee is successful or unsuccessful in a preference action against the debtor's father is irrelevant to the debtor's claim of exemption rights. Under either scenario the debtor is not entitled to an exemption in the automobile.

■ The second matter before the court is whether the debtors are entitled to dismiss their chapter 7 petition. As grounds for their motion, debtors state that:

> [I]n counsel and Debtors' opinion, the costs, expenses, and risks involved in litigating the objections filed by the Trustee in regard to an exemption to the motor vehicle of the Debtors, and the expression of intent on the Trustee's part to avoid a lien on that motor vehicle, are not worth the benefits that might be obtained from a discharge pursuant to Chapter 7 of the Bankruptcy Code at this point. The Debtors would therefor request that this petition be dismissed, and the interest of the Trustee in the motor vehicle thereby be discharged (Doc. # 19).

At the hearing, the debtors' counsel elaborated upon the debtors' position by stating that the debtors would rather dismiss their case than deprive the debtor's father of his security interest in the automobile.

■ Initially, the court notes that, unlike a chapter 13 proceeding, there is no absolute right to voluntarily dismiss a chapter 7 petition. *In re Mathis Insurance Agency, Inc.*, 50 B.R. 482, 486 (Bankr. E.D.Ark.1985). Rather, a "debtor must show cause why dismissal is justified." *In*

---

1. Obviously the issue of whether a preferential transfer occurred is not presently before the court for adjudication. However, from the debtor's testimony it is clear that the debtor's granting of a security interest to his father—preferential or not—was a voluntary transfer.

2. This rule is subject to the avoidance provisions of 11 U.S.C. § 522(f). That section, however, is not implicated in this decision.

*re MacDonald*, 73 B.R. 254, 256 (Bankr. N.D.Ohio 1987). Further, dismissal under 11 U.S.C. § 707(a) is discretionary with the court. *In re Baylies*, 114 B.R. 324 (Bankr. D.D.C.1990).

The alleged ground for dismissal here is that the trustee may obtain an automobile as an estate asset as a result of his success in a preferential transfer action. The court does not believe that the debtors' failure or inability to predict the precise manner in which their assets would be liquidated for the benefit of their creditors constitutes sufficient cause for dismissal of the case. The factual pattern before the court is closely akin to the situation in which a trustee "discovers" assets of a debtor and the court finds the reasoning in those cases to be pertinent to the present case:

> The discovery of assets is not cause to dismiss such a proceeding. *In re Williams*, 15 B.R. 655 (E.D.Mo.1981); *In re Blackmon*, 3 B.R. 167 (Bankr. S.D.Ohio 1980) If anything, it is grounds for retaining jurisdiction, i.e., that creditors who perhaps expected to recover nothing on their claims may be assured of an equitable and full distribution of the debtor's newly discovered assets. *In re Ross*, 21 B.R. 5 (Bankr. E.D.N.Y.1982).

Finally, the court observes that the debtor testified that he requires the automobile as transportation for employment purposes. The court is sympathetic, but does not regard this as sufficient cause to dismiss the case. However, the court does note that when debtors desire to seek bankruptcy protection *and* retain certain assets, it is customary to seek relief under chapter 13 of the Bankruptcy Code. The debtors may find it advisable to consider converting their present chapter 7 case to chapter 13 if their present financial resources enable them to formulate and perform a chapter 13 plan.

For the foregoing reasons, it is hereby ORDERED that the trustee's objection to the debtors' claim of exemption is GRANTED; it is further ORDERED that the debtors' motion to dismiss their chapter 7 bankruptcy case is DENIED.