89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re John A. LUHRS, Debtor-Appellant
John A. LUHRS, Debtor-Appellant.
 No. 95-5009.
 United States Court of Appeals, Second Circuit.
 Nov. 14, 1995.
 
 Appeal from the United States District Court for the Eastern District of New York (Gleeson, Judge).
 APPEARING FOR APPELLANT: JOHN A. LUHRS, pro se.
 APPEARING FOR APPELLEE: PAUL I. KROHN, Trustee, pro se.
 E.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 John A. Luhrs, proceeding pro se, appeals from a judgment entered in the United States District Court for the Eastern District of New York (Gleeson, J.), affirming the decision of the United States Bankruptcy Court which denied Luhrs's motion to dismiss his bankruptcy petition. We affirm.
 
 
 1
 This Court undertakes plenary review of orders of the district court acting in its capacity as an appellate court in bankruptcy cases. In re Manville Forest Products Co., 896 F.2d 1384, 1388 (2d Cir.1990). The bankruptcy court's findings of facts are reviewed for clear error, and its conclusions of law are subject to de novo review. Id.
 
 
 2
 "The [bankruptcy] court may dismiss a case under chapter 11 only after notice and a hearing and only for cause...." 11 U.S.C. § 707(a). Since the question of whether to dismiss a bankruptcy petition is guided by equitable principles, the bankruptcy court's decision to deny dismissal under § 707(a) should be reversed only for abuse of discretion. In re Marks, 174 B.R. 37, 39-40 (E.D.PA.1994). Although not specifically provided for in section 707(a), a debtor may move for dismissal of a voluntarily filed case under Chapter 7. See, e.g., In re Schwartz, 58 B.R. 923, 925 (Bankr.S.D.N.Y.1986). Dismissal is not a right; the debtor must show cause why dismissal is justified. Id. at 925; In re Baumgarten, 154 B.R. 66, 68 (Bankr.S.D.Ohio 1993).
 
 
 3
 In determining whether there is cause to dismiss a Chapter 7 proceeding under section 707(a), the bankruptcy court must consider "whether dismissal is in the best interest of the debtor and his creditors." Schwartz, 58 B.R. at 925. The debtor's interest "lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts." Id. at 925. With regard to creditors, the bankruptcy court considers whether there will be prejudice: "creditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them." Id.
 
 
 4
 Luhrs asserts as cause that he had "succeeded in settling or obtaining assignment of all the filed claims." A review of the record shows, however, that not all claims had actually been assigned or settled. For example, Luhrs described the status of a Choice Visa debt of $1,601.00 as "Negotiations pending. Debtor expects to settle by return date of motion." Luhrs also indicated that negotiations were pending regarding a First USA bank debt of $2,033.00. Luhrs characterized the status of a New York State tax debt of $13,038.47 as "$3,974.00 has been paid. Balance of tax is in dispute. Debtor believes the correct amount is $1,876.00 plus interest and possible penalties. However, NYS has not accepted the figure." Furthermore, Luhrs has provided no documentation of his creditors' written consent to the dismissal of the petition. In fact, Gary Ginsburg, identified by Luhrs as a creditor, objected to the dismissal of the petition because he had not received notice of the petition for personal bankruptcy and because his claim of $37,000 had not been considered at all by Luhrs.
 
 
 5
 Finally, even if Luhrs had in fact settled or assigned all creditors' claims, this alone does not establish cause for dismissal of the bankruptcy petition under section 707(a). See, e.g., Marks, 174 B.R. at 41; In re Nina Merchandise Corp., 5 B.R. 743, 746 (Bankr.S.D.N.Y.1980). Since Luhrs's application for dismissal was premised solely on his assertion that all creditors' claims were settled or assigned, Luhrs has failed to show cause. The order of the District Court is affirmed.