In re Susan Page McDANIEL, Debtor.

Susan Page McDaniel, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 6:05–bk–10028–ABB.
Adversary No. 6:05–ap–00303–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 16, 2006.

William M. Reed, William M. Reed P.A., Clermont, FL, for Debtor.

### *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion by Susan Page McDaniel to Vacate Discharge Order and Dismiss Chapter 7 Case with Representation that United States of America Does Not Oppose the Same (Main Case Doc. No. 22) and the Motion by Susan Page McDaniel to Dismiss Adversary Case Without Prejudice With Representation that United States of America Does Not Oppose the Same (Adv.Pro.Doc. No. 23) (collectively, the "Motions to Dismiss") filed by Susan Page McDaniel, the Debtor herein ("Debtor").

Despite the titles of the Motions to Dismiss, the United States of America ("United States") opposes dismissal. The United States filed Oppositions to the Motions to Dismiss (Main Case Doc. No. 27 and Adv. Pro. Doc. No. 24). The United States Trustee ("UST") also opposes dismissal. A hearing on the Motions to Dismiss was held on August 7, 2006, at which the Debtor, counsel for the Debtor, counsel for the United States, and counsel for the UST appeared.

The Debtor filed this Chapter 7 case on September 2, 2005 with the assistance of counsel. She had filed a prior bankruptcy case in the District of Arizona on March 11, 1999 captioned *In re Susan Page McDaniel,* Case No. 4:99–bk–00837–LO.

Her primary purpose in filing the current Chapter 7 case was to obtain a discharge of federal and state tax debts in the approximate amounts of $278,136.11 and $46,142.00, respectively, as listed in the Debtor's Schedule E. The federal tax debt arises from Form 1040 income taxes for the years 1999 and 2000. The United States calculated the Debtor owed $36,254.16 for tax year 1999 and $362,978.31 for tax year 2000, for a total of $399,232.47, on the Petition Date.[1]

The Debtor instituted the above-captioned adversary proceeding against the United States seeking a determination that her federal tax debts are dischargeable pursuant to 11 U.S.C. §§ 523(a)(1) and 507(a)(8)(A). The Debtor's tax debts constitute the vast majority of her debts. She lists unsecured nonpriority claims of $60,496.00 in Schedule F and no secured debts. The Debtor's original counsel has withdrawn and she is represented by substitute counsel. The Trustee declared this case a "no asset" case on October 5, 2005. The Debtor obtained a discharge on January 12, 2006 (Main Case Doc. No. 12).

The Debtor's original counsel knew the Debtor's primary purpose in filing the Chapter 7 case was to obtain a discharge of the federal tax debt. Original counsel advised the Debtor she could file on the Petition Date and obtain a full discharge of her federal tax debts. The Debtor was given incorrect advice. Original counsel did not include, in his tax dischargeability analysis, the tolling period resulting from the Debtor's previous bankruptcy case. The three-year look-back period of § 507(a)(8)(A)(i), a key component of the Debtor's tax dischargeability analysis, was equitably tolled during the period the automatic stay, in her prior bankruptcy case, prevented the United States from collect-

---

**1.** Main Case Doc. No. 27 at p. 1; Adv. Pro. Doc. No. 24 at p. 1.

ing on the tax debt. *Young v. United States*, 535 U.S. 43, 54, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002).

The Debtor's Chapter 7 case was filed prematurely. It was filed before she was eligible to obtain a complete discharge of her federal tax debt. The three-year look-back period of § 507(a)(8)(A)(i), plus the period tolled by her previous bankruptcy case pursuant to the *Young v. United States* decision, had not expired as of the Petition Date.

The Debtor seeks to dismiss both the adversary proceeding and the main case pursuant to 11 U.S.C. § 707(a). The United States and the UST oppose dismissal. They contend the Debtor will merely file another bankruptcy case in the future and obtain a discharge of her federal tax debts in the subsequent case, if dismissal is granted. The Debtor's tax debts are not dischargeable in this pending case and, the United States argues, allowing her an opportunity to later do what she cannot do now would "unquestionably prejudice" the United States' ability to collect the unpaid taxes.[2]

■ Section 707(a) of the Bankruptcy Code allows for the dismissal of a Chapter 7 case, after notice and a hearing, "for cause." 11 U.S.C. § 707(a) (2005). The party seeking dismissal has the burden of establishing "cause." *In re Simmons*, 200 F.3d 738, 743 (11th Cir.2000). Section 707(a) defines "cause" to include: (i) unreasonable delay by the debtor that is prejudicial to creditors; (ii) nonpayment of any fees or charges required by Title 28; (iii) and failure to file information required by § 521 of the Bankruptcy Code. 11 U.S.C. § 707(a).

■ This list of examples of "cause" is nonexclusive and the courts may look at a number of other factors in determining whether cause for dismissal exists. 6 COLLIER ON BANKRUPTCY ¶ 707.03[1], at 707–15 (15th ed. rev.2005); 11 U.S.C. § 102(3) (stating " 'includes' and 'including' are not limiting."). "The court has substantial discretion in ruling on a motion to dismiss under section 707(a), and in exercising that discretion must consider any extenuating circumstances, as well as the interests of the various parties." COLLIER at 707–16.

■ A debtor's actions regarding a pending case and any previous cases are relevant to a dismissal determination. The Eleventh Circuit Court of Appeals has held cause does not exist where a debtor has a history of abuse of the bankruptcy system and dismissal would allow the debtor to hinder creditors and secrete assets. *In re Simmons*, 200 F.3d at 744.

■ Equitable considerations are germane to a dismissal determination. *See In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004)[3] (concluding that "a decision to dismiss 'for cause' under § 707(a) will be reversed only for an abuse of discretion because it is an equitable determination."); *In re Luhrs*, 1995 WL 722831, at *1, 1995 U.S.App. LEXIS 39882, at *2 (2d Cir. Nov. 14, 1995) (stating "the question of whether to dismiss a bankruptcy petition is guided by equitable principles . . . ."); *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir.1988) (articulating "The court must balance the equities and weigh the benefits and prejudices of a dismissal.") (citations omitted). Courts may consider the best interests of the debtor and prejudice to creditors resulting from a dismissal in addressing a § 707(a) dismissal request. COLLIER at 707–16. The best interests of the debtor includes whether the debtor can obtain a fresh start. *Id.*

---

**2.** Main Case Doc. No. 27 at p. 2; Adv. Pro. Doc. No. 24 at p. 2.

**3.** Rehearing, *en banc,* was denied by *Behlke v. Eisen (In re Behlke),* 2004 U.S.App. LEXIS 11737 (6th Cir. May 20, 2004).

■ The examples of "cause" set forth in § 707(a) do not apply to this case. The Debtor has not acted with unreasonable delay, is not delinquent in the payment of any bankruptcy fees or charges, and has met all of her § 521 filing duties. Nor has the Debtor acted in bad faith. The Debtor has acted in good faith throughout this case and does not have a history of abuse of the bankruptcy system.

She would not have filed for bankruptcy on the Petition Date if she had known she was not eligible to obtain a full discharge of the federal tax debt. She filed on the Petition Date due to the erroneous advice of original counsel. The only misstep the Debtor has made was relying on the advice of her original counsel.

Obtaining a fresh start through the relief of debt is the fundamental goal in filing for bankruptcy. *In re Dixon,* 1986 U.S.App. LEXIS 21286, at *3–4 (11th Cir. Jan. 6, 1986). "The primary mechanism for achieving this purpose is the discharge from indebtedness granted to the debtor at the conclusion of the bankruptcy proceedings." Id. The Debtor will not receive a fresh start if her dismissal request is not granted. The Debtor's federal tax debts are nondischargeable and she will emerge from this case saddled with significant debt. The Debtor would not have filed this bankruptcy case had she received accurate legal advice. The Debtor should be allowed an opportunity to obtain a fresh start and not be penalized for her original attorney's error.

Dismissal will not significantly prejudice the United States. The look-back period of § 507(a)(8)(A)(i), taking into account the combined equitable tolling periods of the Debtor's previous case and her present case, will not expire for at least two years. The Debtor, as a result, cannot seek a discharge of her federal tax debts for at least two years. The United States will have ample time during the next two years to pursue collection of its claim.

Vacating the Debtor's discharge will allow all of the parties to be in the same positions they were in prior to the Petition Date. The Debtor's filing for bankruptcy did cause some delay (*i.e.,* preventing the creditors, including the United States, from pursing collection actions against the Debtor), but the delay has only slightly prejudiced her creditors. The equities favor dismissal of the Debtor's case. Proper cause exists for dismissal of this case pursuant to 11 U.S.C. § 707(a).

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that the Debtor's Motions to Dismiss are hereby **GRANTED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Debtor's discharge entered on January 12, 2006 is hereby **VACATED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that the above-captioned case and adversary proceeding are hereby **DISMISSED** without prejudice.