### Richmond

### CHAMBERS V. CITY OF ROANOKE.

#### January 16, 1913.

1. STATUTES—*Conflict—Later Prevails—Special Statute—Case at Bar—Markets—License.*—Where an amendment of a city charter is in irreconcilable conflict with a prior statute, which is general in its terms and applicable to all cities and towns of the State, the amendment must be construed to qualify the general law and to be controlling in the locality to which it applies; and the re-enactment of the general law will not repeal the charter provision where the re-enacting statute declares that nothing contained therein "in conflict with any provision of the charter of any city or town shall be construed to repeal such provision." In the case at bar the general law prohibited .cities and towns from imposing any tax on farmers for the sale of their produce in the corporate limits outside of the regular market houses and sheds, but a later amendment of the charter of the city of Roanoke conferred upon the city council the power to impose such tax, and it is held that the general law is repealed in so far as it affects the city of Roanoke.

Error to a judgment of the Corporation Court of the city of Roanoke, affirming the judgment of the police justice of the city imposing a fine upon the plaintiff in error.

*Affirmed.*

The opinion states the case.

No counsel for the plaintiff in error.

*S. Hamilton Graves,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

J. W. Chambers, the plaintiff in error, is a farmer residing upon his farm in Roanoke county, upon which he grows and produces farm and domestic products. On December 30, 1911, he brought a wagon load of produce from his farm to the city of Roanoke for sale, and drove his wagon upon market square, stopping on the side of the street next to the curb and outside the market-houses and sheds. On his refusal to pay the curbage tax demanded under a city ordinance, he was fined $5 by the police justice, whose judgment was affirmed on appeal to the corporation court. The case is before us on writ of error to the latter judgment.

An act of the General Assembly, approved March 3, 1896, declares "that it shall be unlawful for any city or town of this State, or for any agent or officer of any such city or town, to impose or collect any tax, fine or other penalty upon any person selling their farm and domestic products within the limits of any such town or city outside of and not within the regular market-houses and sheds of such cities and towns."

On February 9, 1898, the General Assembly amended section 23 of the charter of the city of Roanoke, so as to read as follows: "No. 23. To establish a market or markets in and for said city, and to appoint officers therefor, to prescribe the time and place for holding the same; to provide suitable buildings and grounds therefor, and to enforce such regulations as shall be necessary to prevent huckstering, forestalling and regrating, and for the purpose of regulating and controlling the sale of fresh meats, fresh fish, farm and domestic products in said city, the common council shall have authority to confine the sale of such articles or products to the public market and public squares provided by the city for that purpose, and shall have authority to levy and collect a license tax for the sale of fresh meats and fresh fish, and may impose a curbage

tax, not exceeding twenty cents for each wagon, cart, or other vehicle containing farm and domestic products brought into said city and offered for sale."

Thereupon the common council passed the ordinance imposing the curbage tax authorized by the amended charter. The former statute and the subsequent amendment of the city charter touching the same subject-matter are irreconcilably repugnant. The prior statute is general in its terms and applies to all the cities and towns of the Commonwealth, while the latter is limited in its operation alone to the city of Roanoke. In such case the later statute must be construed to be a qualified amendment of the general law, and controlling in the locality to which it applies. This is clear from the terms of the amended charter; and, besides, if it had not been the purpose of the General Assembly to confer upon the city a taxing power that it did not previously possess under the general law, the amendment would be meaningless.

Subsequent acts of the General Assembly (chapter 269, p. 412, and chapter 566, p. 886, Acts 1902-3-4, amending and repealing in part chapter 44 of the Code in relation to cities and towns) retain substantially the provisions of the act of March 3, 1896 (sec. 1042-a of the Code) ; and that circumstance, as evidencing the last expression of the legislative will on the subject, might be construed as a repeal by implication of the charter amendment. But chapters 269 and 566, *supra,* both declare that nothing contained in either, "in conflict with any provision of the charter of any city or town shall be construed to repeal such provision," unless expressly referred to. This leaves section 23 of the charter intact, and the ordinance passed in pursuance thereof imposing the curbage tax was a valid exercise of municipal power.

For these reasons the judgment is affirmed.

*Affirmed.*