## Richmond

ELOISE VIRGINIA CAMPBELL v. BENTON K. CAMPBELL, III, AN INFANT, ET AL., ETC.

June 15, 1970.

Record No. 7110.

Present, All the Justices.

*Christopher Terrell*, for appellant.

*Grover J. Gregory*, for appellees.

CARRICO, J., delivered the opinion of the court.

We have again the question of ownership of funds deposited in a savings institution under a signature card designating the parties thereto as "joint tenants with right of survivorship."

The question arose when The First National Bank of Clifton Forge, executor of the estate of Cleo Snider Campbell, deceased, filed a bill of complaint against Eloise Virginia Campbell, daughter of the testatrix, and Benton K. Campbell, III, Charles M. Campbell, and Brooke Kelley Campbell, infant children of Benton K. Campbell, Jr., deceased son of the testatrix. The bill sought, insofar as is pertinent here, the guidance of the court in the disposition of funds in a savings account standing in the names of the testatrix and her daughter, Eloise, in First Federal Savings and Loan Association of Clifton Forge.

The court ruled that the funds in the account belonged to the estate. From the final decree embodying that ruling, Eloise Campbell was granted an appeal. The grandchildren of the testatrix are here as appellees by their guardian ad litem.

The account in dispute was opened February 4, 1966, when the testatrix, then in her mid-seventies, purchased from the savings association an investment certificate, No. 88, in the sum of $7,000. On February 1, 1967, the testatrix purchased from the savings association another investment certificate, No. 143, in the amount of $8,000.

The testatrix died February 19, 1967. Her will, executed on October 26, 1966, prior to purchase of the second investment certificate, was admitted to probate. The will divided the estate of the testatrix equally between her daughter, Eloise, and her grandchildren, the children of her deceased son, Benton. The will made no mention of the savings account in question.

The account at the time of the testatrix's death showed a balance of $15,000, represented by investment certificates Nos. 88 and 143. The account and the certificates were in the joint names of the testatrix and her daughter, Eloise, pursuant to a signature card executed by them in the following language:

". . . Campbell        Eloise V. and . . . Campbell Cleo S. . . . as joint tenants with right of survivorship and not as tenants in common, and not as tenants by the entirety, the undersigned hereby apply for a savings account in First Federal Savings and Loan Association of Clifton Forge and for the issuance of evidence thereof in their joint names described as aforesaid. You are directed to act pursuant to any one or more of the joint tenants' signatures, shown below, in any manner in connection with this account and, without limiting the generality of the foregoing, to pay, without any liability for such payment, to any one or the survivor or survivors at any time. This account may be pledged in whole or in part as security for any loan made by you to one or more of the undersigned. Any such pledge shall not operate to sever or terminate either in whole or in part the joint tenancy estate and relationship reflected in or established by this contract. It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by one of the parties *are and shall be conclusively intended to be a gift and delivery* at that time of such funds to the other signa-

tory party or parties to the extent of his or their pro rata interest in the account.

\* \* \*

"Note: The correct way to establish a common law joint tenancy or its equivalent in any state is to use 'and' in joining tenants' names on all evidence of the account. All tenants should sign this card. . . ." (The italicized language was so emphasized in the signature card itself.)

Eloise Campbell contends that this case is controlled by *Wilkinson v. Witherspoon*, 206 Va. 297, 142 S.E.2d 478 (1965). There, we held a surviving joint tenant was entitled to the proceeds of a savings account established with a signature card which in legal effect contained the same language as that in issue here.

The grandchildren contend, on the other hand, that *Wilkinson* is not controlling. They say that the evidence in this case was not sufficient to rebut the presumption that the savings account was opened for the convenience of the testatrix—a presumption recognized in this jurisdiction in the case of *King, Ex'x v. Merryman, Adm'x*, 196 Va. 844, 856, 86 S.E.2d 141, 147 (1955). The grandchildren argue also that the evidence was insufficient to establish a gift *inter vivos* of the savings account from the testatrix to her daughter, Eloise.

However, we said in *Wilkinson* that in a case such as this the rights of the parties are to be determined not by principles applicable to gifts *inter vivos* but by rules pertaining to the interpretation of contracts. We said also that the provisions of a signature-card contract like the one now before us are controlling of the terms of the deposit. And we stated that against the language of such a signature card, the presumption of convenience "pales," that is, is overcome.

We noted in *Wilkinson* that *King v. Merryman* had recognized the proposition that "a bank account may be so fixed that two persons shall be joint owners thereof during their lives, and the survivor take on the death of the other." We held in *Wilkinson* that the account there involved was "one envisioned by the quoted language." We hold now that the account involved in this case is of the same character and rightfully belongs to the surviving joint tenant, Eloise Campbell.

See *Robbins v. Grimes*, 211 Va. 97, this day decided.

The decree of the trial court will be reversed. A final decree will be entered here declaring Eloise Campbell to be the owner of the

savings account, represented by investment certificates Nos. 88 and 143, in First Federal Savings and Loan Association of Clifton Forge.

*Reversed and final decree.*