## Richmond

### Virginia National Bank, et al.

### v.

### Nina B. Harris, Administratrix, etc.

August 30, 1979

Record Nos. 771478 and 771503.

Present: All the Justices.

*Conrad M. Shumadine* (*Ross C. Reeves, Kaufman and Oberndorfer,* on brief), for appellant. (Record No. 771478).

*Girard C. Larkin, Jr.* (*Herman A. Sacks; Stanley E. Sacks; Sacks and Sacks,* on brief), for appellee. (Record No. 771478).

*Amicus Curiae: Virginia Bankers Association* (*John W. Edmonds, III; Russell V. Palmore, Jr.; Mays, Valentine, Davenport & Moore,* on brief), for appellants. (Record No. 771478).

*Anita O. Poston* (*Joseph A. Gawrys; Vandeventer, Black, Meredith & Martin,* on brief), for appellant. (Record No. 771503).

*Girard C. Larkin, Jr.* (*Herman A. Sacks; Stanley E. Sacks; Sacks and Sacks,* on brief), for appellee. (Record No. 771503).

*Amicus Curiae: Virginia Bankers Association* (*John W. Edmonds, III; Russell V. Palmore, Jr.; Mays, Valentine, Davenport & Moore,* on brief), for appellants. (Record No. 771503).

COMPTON, J., delivered the opinion of the Court.

The narrow question presented in this banking appeal is whether the designation of a beneficiary to receive the proceeds of an individual savings account upon the depositor's death is a testamentary act which is void for failure to comply with the Statute of Wills, Code § 64.1-49.[1]

---

[1] "**§ 64.1-49. Will must be in writing, etc.; mode of execution; witnesses, and proof of handwriting.**—No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent

Charles Harris died intestate during 1976 in Norfolk at the age of 77 years. He had previously opened four savings accounts with Virginia National Bank. Pertinent to this appeal is only one of those accounts, carrying a balance of $20,256.35 at Harris's death. Appellant Louise Faulklyn, also known as Louise Fowlkes, was the named beneficiary of that account. The signature card executed by Harris, the depositor, contained the following terms:

"☒ INDIVIDUAL (If payable on death to named survivors, fill in section below)

\*     \*     \*

Payable on Death of Depositor to Such of the Following Named as Survive Depositor:

Louise Faulklyn-Niece-Baltimore, MD"

The day after Harris's death, his widow, Nina B. Harris, qualified as Administratrix of his estate and subsequently filed the instant chancery proceeding naming as defendants the bank and the beneficiaries of the several accounts. In her bill of complaint, the appellee-personal representative alleged that the designations of beneficiary for the respective accounts were not valid as gifts and that such designations did not convey any interest in the several funds to the designees. The administratrix further alleged that the decedent was mentally incapable of disposing of his property by gift or will, thus rendering the beneficiary designations invalid. The plaintiff, in the prayer of her bill, asked the court below to decree (1) that the beneficiaries were not entitled to any part of the respective funds and (2) that the bank pay the monies on deposit to the personal representative to be administered as assets of the estate.

In responsive pleadings, the bank took no position with respect to either ownership of the funds or the mental capacity of the deceased to designate beneficiaries. Each of the other defendants denied the allegations of the bill and claimed to be entitled to the balance of the particular fund in which each was individually named as beneficiary.

During the course of the hearing below, in which no evidence was presented, the chancellor made the following rulings from the

witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, but no form of attestation shall be necessary. If the will be wholly in the handwriting of the testator that fact shall be proved by at least two disinterested witnesses."

bench that were later incorporated in the July 1977 final decree from which these appeals were taken. The court decided that the designation of a beneficiary to receive the balance of the proceeds of the several accounts upon the death of Harris did not constitute a lawful gift *inter vivos* or a proper gift *causa mortis,* but did constitute a testamentary act on the part of the decedent which failed to comply with the requirements of the Statute of Wills, and was consequently null and void. The bank was thus ordered to pay the funds to the personal representative to be administered by her.

Of the defendants who filed notices of appeal to the final decree, only the bank and defendant Faulklyn filed petitions for appeal; these separate petitions were granted and the appeals consolidated.

The bank and the beneficiary, supported by a brief *amicus curiae* of the Virginia Bankers Association, argue the trial court erred; they seek a reversal of the final decree and a remand of the cause for a factual determination of the issues relating to the decedent's intent and mental capacity. They contend the Statute of Wills is not applicable to bank accounts payable on death to a named survivor (hereinafter P.O.D. accounts). They say that with respect to such accounts, the Statute of Wills is "superseded" by Code § 6.1-77, which provides:

"A deposit in the name of a depositor payable on his death to a named survivor or survivors may be paid to the named depositor during his lifetime and the receipt of the named depositor shall be a complete release of the bank or trust company for such payment. Upon the death of the depositor, the bank or trust company may pay the deposit to the survivor or survivors, whether any such survivors be a minor at the time or not, and the receipt of the survivor or survivors shall be a complete release of the bank or trust company. If the survivor be the spouse of the named depositor at the time of the death of the named depositor, such deposit shall vest in such surviving spouse. No bank or trust company paying to such survivor or survivors shall become liable for any estate or inheritance taxes. The term 'deposit' shall include certificate of deposit."

The beneficiary and the bank also argue that P.O.D. accounts are governed by principles of contract law and not by laws relating to wills.

The personal representative argues, on the other hand, the Statute of Wills clearly is applicable to P.O.D. accounts. She contends that by enacting Code § 6.1-77, the General Assembly, recognizing that the banking industry utilized such accounts, merely intended to protect banks from liability in the event they elected to pay the balance

of such an account to the named beneficiary upon the depositor's death. She says that § 6.1-77 is not determinative of ownership of funds on deposit, unless the survivor is the spouse of the deceased depositor. She points out that the statute provides: "If the survivor be the spouse of the named depositor at the time of the death of the named depositor, such deposit shall vest in such surviving spouse." She then argues: "Clearly if the funds were to vest in the survivor of every POD account it would have not been necessary for the Legislature to include the above cited language." The administratrix also contends that principles of contracts are not applicable to P.O.D. accounts.

While we agree with the administratrix that Code § 6.1-77 is not absolutely determinative of the ownership of funds in a P.O.D. account, we do not agree with her thesis that the designation of a beneficiary in such an account is void for failure to comply with the Statute of Wills, nor do we agree that § 6.1-77 may not be "used" to determine ownership of P.O.D. funds. We hold that the Statute of Wills does not apply to a deposit made in the name of a depositor payable on death to a named survivor. In our view, by enacting Code § 6.1-77 the General Assembly authorized use of the P.O.D. account as a valid method of transferring property upon death, irrespective of the provisions of Code § 64.1-49, the Statute of Wills. We construe § 6.1-77, dealing with a specific subject, to be an exception to the general provisions of § 64.1-49. Such a conclusion comports with the established rule of statutory construction that when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails. 2A Sutherland *Statutory Construction* § 51.05 (4th ed. C. Sands 1973). *See City of South Norfolk* v. *City of Norfolk*, 190 Va. 591, 602, 58 S.E.2d 32, 37 (1950); *Chambers* v. *City of Roanoke*, 114 Va. 766, 768, 78 S.E. 407, 408 (1913).

Moreover, the very fact that the legislature has provided in § 6.1-77 that the bank may properly pay the balance of such an account to the surviving designee demonstrates to us a recognition of the validity of such an account, even though the account is not created with the formality specified by the Statute of Wills. If the General Assembly had been of opinion that such an informal designation of a survivor was invalid, surely it would not have provided protection to the bank for payment made under a designation which was void.

In arguing that § 6.1-77 may not be "used" to determine ownership of P.O.D. funds, the personal representative focuses on the portion of the statute which provides for vesting when a spouse is the survivor.

She contends such a provision would have been unnecessary if all P.O.D. beneficiaries have a valid claim to the proceeds of the account. Thus, the argument goes, the only situation where funds on deposit to the credit of a depositor in an individual account "vest" in the named survivor upon death of the depositor is when the spouse is the designee. We agree that in the case of a non-spouse the funds do not "vest" in the survivor in the sense that the survivor has "a right, so fixed that it is not dependent on any future. . .decision to make it more secure." *Kennedy Coal Corp.* v. *Buckhorn Coal Corp.*, 140 Va. 37, 45, 124 S.E. 482, 484 (1924). Nevertheless, we believe that such designation may be "used" in the process of determining the ownership of the funds along with other evidence concerning the depositor's intention, as we shall presently discuss.

The statute has singled out the spouse for special treatment similar to that established in Code § 6.1-73 pertaining to joint accounts in the names of husband and wife.[2] Section 6.1-77 establishes no presumption as to the ownership of the money, except when a spouse is the beneficiary, and is primarily, but not exclusively, for the protection of the bank. But the designation of a non-spouse is not void; such a beneficiary is given the *right* to receive payment of the balance after the depositor's death, and the bank is discharged from liability for any such payment. *See King* v. *Merryman,* 196 Va. 844, 851, 86 S.E.2d 141, 144 (1955). The right of the non-spouse beneficiary to receive such payment, however, may be defeated upon a showing of, for example, mistake, undue influence or incapacity to form intent at the time the account was created.

Finally, we conclude that the survivor's right to the balance of such deposit is to be determined, as we have just indicated, by the rules pertaining to the interpretation of contracts, in which the depositor's intention is the important consideration. We have repeatedly applied principles of contract law to cases involving survivorship rights of parties to joint accounts. *See, e.g., Robbins* v. *Grimes,* 211 Va. 97, 175 S.E.2d 246 (1970); *Campbell* v. *Campbell,* 211 Va. 31, 175 S.E.2d 243 (1970); *Wilkinson* v. *Witherspoon,* 206 Va. 297, 142 S.E.2d 478 (1965). *See also* Johnson, *Joint, Totten Trust, and P.O.D. Bank Accounts: Virginia Law Compared to the Uniform Probate Code,*

---

[2] Code § 6.1-73 provides in pertinent part:

"When a deposit has been made, or shall hereafter be made, in any bank or trust company transacting business in this State, under the names of a husband and wife, payable to either, or payable to the survivor, such deposit, or any interest or dividend thereon, upon the death of either husband or wife shall vest in the survivor."

8 U. Rich. L. Rev. 41 (1973). Contrary to the contention of the personal representative, we believe the same principles should be applied to P.O.D. accounts. Under the P.O.D. account in issue here, as in the usual joint and survivor account, a contractual relationship was created: The bank was obligated to pay the balance in the account to the designated beneficiary on the death of the depositor. *See Deal's Administrator* v. *Merchants & Mechanics Savings Bank,* 120 Va. 297, 299, 91 S.E. 135, 135 (1917). Thus, we think the rights of the P.O.D. beneficiary must be determined by reference to those same contract principles rather than by laws relating to wills.

For these reasons, the decree appealed from will be reversed and the cause remanded for a trial upon the issues of the decedent's intent and mental capacity.[3]

*Reversed and remanded.*

---

[3] By an enactment of the 1979 General Assembly, Code § 6.1-77 is repealed effective July 1, 1980, at which time a new chapter entitled "Multiple-Party Accounts" will be added to Title 6.1 of the Code. Acts 1979, ch. 407. That legislation speaks directly to the issues decided in this case. It generally provides, in part, that any transfers resulting from use of a P.O.D. account, as defined in the enactment, are effective by reason of the account contracts involved, and are not to be considered as testamentary acts or subject to the Statute of Wills. See Code § 6.1-125.7 (Repl. Vol. 1979).