## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Clara Mae Tew

v.

Earl Lloyd Perdue

July 30, 1982

Case No. (Chancery) C81-1556

By JUDGE GEORGE W. VAKOS

This remaining issue deals with ownership of the five joint savings accounts; three in Mutual Federal Savings and Loan Association and two in Chesapeake Savings and Loan Association. The evidence discloses that each of these accounts, except one with Chesapeake Savings and Loan Association, was opened after July 1, 1980, and Section 6.1-125.3(A) is applicable. This section provides as follows:

> Section 6.1-125.3. *Ownership during Lifetime.*
> A. - A joint account belongs during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent.

I am not unmindful of the fact that some or all of these accounts may have been created prior to July 1, 1980, and the exception pertaining to the application of § 6.1-125.3 as contained in § 6.1-125.16 may be pertinent. However, in either event the court's findings are the same.

First, as pertains to the three accounts in Mutual Federal Savings and Loan Association, these accounts

belong to the defendant, Earl L. Perdue. The evidence clearly supports a finding that he contributed all of the funds to these accounts when they were created, and that Clara Tew, his daughter's name, was placed on these accounts only as a convenience.

In reviewing prior cases on this subject our Supreme Court in *Wilkinson v. Witherspoon*, 206 Va. 297 (1965), at page 303, stated:

> Thus, it appears that the golden thread of decision running through these cases is that the intention of the depositor is the all-important consideration. Where there was, in the terms of the deposit, a clear expression of an intention that the survivor should become the owner of the account upon the death of the depositor, as in the Deal case, the intention was upheld. Where such an intention was not fully disclosed by the terms of the deposit but clearly appeared when the terms were considered along with other evidence, as in the Stevens case, effect was given to the intention. But where a contrary intention was shown to exist, as in the King, Wrenn and Quesenberry cases, the court did not hesitate to exclude the pretended rights of the survivor.

It further appears that some, if not all, of the funds in the Mutual Federal Savings and Loan accounts were funds that formerly were deposited in the name of Earl L. Perdue and Minnie M. Perdue (his deceased wife) and Clara Tew as joint tenants with right of survivorship. Mrs. Tew's position that upon the death of her mother she was entitled to one half of her mother's share is without merit in light of the evidence that Mrs. Tew's name was placed on the accounts as a convenience. Minnie M. Perdue died prior to July 1, 1980. Upon her death her interest vested in Mr. Perdue. Section 6.1-73, repealed effective July 1, 1980, controlled the disposition of the deceased, Mrs. Perdue's interest.

> Section 6.1-73. *Deposits in names of husband and wife and survivor; effect of divorce. -* When a deposit has been made, or shall hereafter be made, in any bank or trust company transacting

business in this state, under the names of a husband and wife, payable to either or payable to the survivor, such deposit, or any interest or dividend thereon, upon the death of either husband or wife shall vest in the survivor.

Thus, Mr. Perdue was entitled to his wife's share upon her death and the status of Mrs. Tew as a joint owner remained one for convenience.

Secondly, the funds in the two accounts in Chesapeake Savings and Loan Association also belong to Mr. Perdue.

A review of these accounts and their related signature cards at first seem to indicate that the principle as applied in *Wilkinson v. Witherspoon*, 206 Va. 297 (1965); *Campbell v. Campbell*, 211 Va. 31 (1970); and *Robbins v. Grimes*, 211 Va. 97 (1970), dictate that Mrs. Tew has a present interest in these accounts. The pertinent language on the signature cards is similar to those cases and reads as follows:

It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties are and shall be conclusively intended to be a gift and delivery at the time of such funds to the other signatory party or parties to the extent of his or their pro rata interest in the account.

But here, contrary to those cases, we are not asked to determine the rights of the survivor, but the present interest of the parties to the account.

Remembering that both of the accounts in question were established as joint accounts with survivorship, and although the contract to make a gift was completed when the card was signed, it obviously was intended for the purpose of making a valid disposition of the accounts upon the death of Mr. Perdue in light of the evidence that he contributed all of the funds to these accounts and placed Mrs. Tew's name on these accounts as a convenience. The court therefore finds that Mrs. Tew has no vested present interest in these accounts.

Counsel are requested to present a decree striking the complainant's evidence after the complainant rested on the issue of setting aside the deed on the ground

of fraud and duress and also embodying the above findings, with directions to Mrs. Tew to remove her stop payment orders on all of the accounts.