## CIRCUIT COURT OF FAIRFAX COUNTY

Harvey Construction Co., Inc.

v.

Fairfax County
Board of Supervisors et al.

June 11, 1993

Case No. (Law) 115930

By Judge Jack B. Stevens

The Court has had this case under advisement to consider Fairfax County's ("Fairfax") Motion for Summary Judgment. For the reasons stated below, the Motion is denied.

Harvey Construction Company ("Harvey") sues Fairfax for breach of a public contract involving construction of the Huntington Metro Mall Station Parking Garage. Fairfax argues that this court lacks jurisdiction to hear this case because Harvey has failed to allege compliance with § 15.1–554, Code of Virginia (1950), as amended, which requires a party to file a claim with the Board of Supervisors prior to bringing suit against the County. Section 15.1–554 provides in pertinent part:

> No action shall be maintained by any person against a county upon any claim or demand until such person shall have first presented his claim to the board of supervisors of such county for allowance . . . .

While Fairfax contends that Harvey's failure to allege compliance with this provision is fatal, Harvey argues that the Virginia Procurement Act, §§ 11–35 to 11–80, Code of Virginia (1950), as amended, governs all aspects of this litigation. That Act (§ 11–35(B)) states that "The purpose of this chapter [the Procurement Act] is to enunciate the public policies pertaining to governmental procurement from nongovernmental sources." The Procurement Act has its own separate requirements for commencing and maintaining suits.

The statutes themselves do not explicitly address which should govern contract actions against a county. The Supreme Court cases relied upon by Fairfax, which hold that failure to allege compliance with § 15.1–554 is grounds for dismissal, do not answer this question because they were all based on causes of action which arose prior to the effective date of the Procurement Act. Applying the established rules of statutory construction dictates the conclusion that the Procurement Act governs here. As stated in *Virginia Nat'l Bank v. Harris,* 220 Va. 336, 340 (1979):

> [W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the more specific prevails . . . .

Here, the Virginia Procurement Act is the more specific statute because it addresses only claims on procurement contracts; not *all* claims that may be made against a county.

Furthermore, the parties' litigation to date has been conducted as if the Virginia Procurement Act applied. Harvey's alleged failure to file a claim with the Board of Supervisors, pursuant to the Procurement Act, was raised on demurrer.[1] Since the demurrer was overruled, the sufficiency of the Motion for Judgment in terms of compliance with the Procurement Act is now the law of the case.

The court finds that the Procurement Act alone governs this contractual action against the County. That being the case, Harvey's failure to allege compliance with § 15.1–554 is not grounds for dismissal, and Fairfax's Motion for Summary Judgment is denied.

---

[1] In the demurrer, defendant argued that the motion for judgment did not sufficiently allege compliance with a provision of the Procurement Act, § 11–69(c), Code of Virginia (1950), as amended, requiring the contractor to wait to file suit until after the claim had been rejected by the County. Judge Annunziata overruled the demurrer. Thus, the plaintiff's failure to allege that it had filed a claim was raised, at least indirectly, and settled on demurrer.