# CIRCUIT COURT OF FAIRFAX COUNTY

Jane Gwinn,
Fairfax County
Zoning Adm'r

v.

Jefferson Green
Unit Owners' Assn.

July 18, 2000

Case No. C162197

BY JUDGE DENNIS J. SMITH

On May 4, 1981, Fairfax County approved proffered conditions enabling the development of Jefferson Green Community. Within that year, Phase One[1] of the Jefferson Green town home community development was completed and the Jefferson Green Unit Owners' Association, Inc. ("Jefferson Green") was established. Under the proffered conditions, Jefferson Green is required to purchase one membership in Bren Mar Park Recreation Association ("Bren Mar"), a private off-site recreation organization, for each dwelling unit in the Jefferson Green development. *See* Proffers 3(b) and 3(c).

Throughout the 1980's and early 1990's, Jefferson Green paid the Bren Mar dues each year. However, in 1996, by vote of its members, Jefferson Green passed an amendment to its By-laws to discontinue membership in Bren Mar. In 1997, Jefferson Green applied to the County to amend the Bren Mar proffers and withdraw its membership in the swim club. The County refused

---

[1] The zoning ordinance also provided that the Second Phase of Jefferson Green, which was planned to include over 300 more town homes, would pay for membership to the swim club as well, but Phase 2 of Jefferson Green was never constructed.

to process the application and refused to allow Jefferson Green to terminate its Bren Mar membership.

In 1999 Jefferson Green ceased payment of the Bren Mar dues. The County then filed its Bill of Complaint for Declaratory Judgment and Injunctive Relief to require Jefferson Green owners to continue their memberships in Bren Mar. In response, Jefferson Green filed a Cross-Bill asserting that the zoning Proffers 3(b) and 3(c) are void under the Virginia Code and Constitution of Virginia. The matter was briefed and heard and subsequently taken under advisement.

The obligations created by the proffers dictate the following:

[3.] In substitution for the on-site recreation facilities previously proffered, the following will be provided:

[a.] Pursuant to agreement with the Bren Mar Recreation Association, rehabilitation of the facilities of that Association within 180 days of approval of this application.

[b.] Purchase of one membership in the [Bren Mar Recreation] Association for each dwelling unit in this development, and provision of these memberships at no charge to each individual unit and/or condominium association associated therewith, in accordance with the Virginia Condominium Act, other than annual dues which shall be paid by the condominium unit Owner's Association.

[c.] Funds paid to Bren Mar Park Recreation Association shall be expended for the renovation and improvement of the swimming pool, bath house, tennis courts, and parking lot as determined by the Board of Directors of the Bren Mar Recreation Association. . . .

The Virginia Code permits localities to implement conditional zoning by way of proffer, and a landowner is therefore permitted to proffer reasonable conditions as proposed amendments to the zoning ordinance to obtain desired zoning. *See Gregory v. Board of Supervisors*, 257 Va. 530 (1999). "The declared purpose of the statutes permitting conditional zoning is to provide for the orderly development of land when competing and incompatible uses conflict." *Gregory*, 257 Va. 530. "Proffered conditions are permitted as part of a rezoning 'for the protection of the community' in which the property that is the subject of the proposed rezoning is located." *Riverview Farm Assocs. v. Board of Supervisors*, 259 Va. 419, 428, 528 S.E.2d 99 (2000) (citing *Gregory v. Board of Supervisors*, 257 Va. 530, 514 S.E.2d 350 (1999)).

Section 15.2-2297 of the Virginia Code states in part that "[a] zoning ordinance may include and provide for the voluntary proffering . . . of

reasonable conditions . . . in addition to the regulations provided for the zoning district or zone by the ordinance, as a part of a rezoning or amendment to a zoning map provided that . . . the conditions shall not include payment for or construction of off-site improvements." § 15.2-2297(A)(v). As the proffered renovations and improvements constitute off-site construction, Jefferson Green claims that Proffer 3(c) is void in light of § 15.2-2297(A)(v). The County asserts that the restrictions in § 15.2-2297 do not apply because Fairfax County's voluntary proffer system is governed by § 15.2-2303 of the Virginia Code, which authorizes such systems in counties that have "planning commissions, wherein the urban county executive form of government is in effect." Va. Code Ann. § 15.2-2303.

It is undisputed that Fairfax is a county which has a planning commission, and which also has adopted the urban county executive form of government. The question, however, is whether § 15.2-2297 is applicable in addition to § 15.2-2303. First, it is an "established rule of statutory construction that when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the later [sic] prevails." *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340, 257 S.E.2d 867 (1979). 2A Sutherland, *Statutory Construction*, § 51.05 (4th ed. C. Sands 1973). *See City of South Norfolk v. City of Norfolk*, 190 Va. 591, 602, 58 S.E.2d 32 (1950); *Chambers v. City of Roanoke*, 114 Va. 766, 768, 78 S.E. 407 (1913). The two Code sections at issue here cannot be reconciled in a way that gives effect to the restrictions in § 15.2-2297. Both § 15.2-2297 and § 15.2-2303 address the conditional zoning and proffer systems; both code sections place general and reasonable limitations on zoning procedures. The significant differences between the two sections are the inclusion in § 15.2-2303 of specified localities, and the omission in § 15.2-2303 of the specific limitations specified in § 15.2-2297. To give effect to the § 15.2-2297 limitations would therefore eliminate any purpose for the existence of § 15.2-2303.

Secondly, § 15.2-300(B) of the Virginia Code specifically states:

Other provisions of law in conflict with Chapters 3 through 8 of this title shall not apply to a county which has adopted an applicable form of county government pursuant to this chapter, unless such provision expressly provides otherwise.

There is nothing in § 15.2-2297 expressly providing for its application to Fairfax County and therefore it is inapplicable. This Court finds the County's arguments to be compelling and rules that § 15.2-2297 of the Virginia Code

does not apply to Fairfax County. Accordingly, Jefferson Green's argument that the proffered zoning violates Virginia Code § 15.2-2297 is rejected.

Jefferson Green, however, also argues that the zoning in this case violates the provisions of the Constitution of Virginia. Article IV, § 14, of the Constitution of Virginia limits the powers of the General Assembly, and these limitations therefore also apply to County enactments and activities. *See Fairfax County v. Southern Iron Works*, 242 Va. 435, 448, 410 S.E.2d 674 (1991) (citing *City of Richmond v. Confrere Club of Richmond*, 239 Va. 77, 387 S.E.2d 471 (1990)). "The Dillon Rule provides that municipal corporations possess and can exercise only those powers expressly granted by the General Assembly, those necessarily or fairly implied therefrom, and those that are essential and indispensable." *City of Richmond v. Confrere Club of Richmond*, 239 Va. 77, 79, 387 S.E.2d 471 (1990). As declared by Article IV, § 14(18), of the Constitution of Virginia, "The General Assembly shall not enact any local, special, or private law . . . granting to any private corporation, association, or individual any special or exclusive right, privilege, or immunity." (Punctuation altered.) *See generally Finn v. Virginia Retirement System*, 259 Va. 144, 524 S.E.2d 125 (2000); *see also Benderson Devel. Co. v. Sciortino*, 236 Va. 136, 372 S.E.2d 751 (1988). Article IV, § 15, of the Constitution is likewise reflective on this limitation. "Taken together, the pervading philosophy of Article IV, sections 14 and 15, reflects an effort to avoid favoritism, discrimination, and inequalities in the application of the laws." *See* 1 Howard, *Commentaries on the Constitution of Virginia* 549 (1974).

There is no assertion that Bren Mar is a governmental, or even a quasi-governmental agency; therefore, the zoning ordinance created by the adoption of the proffer is "[granted] to [a] private . . . association [of a] . . . special or exclusive right" which is specifically prohibited by the Constitution of this Commonwealth.[2] Accordingly, pursuant to the Constitution of this Commonwealth, proffers 3(b) and 3(c) amount to improper private legislation as through these proffers the County mandates payment to a private organization by way of its zoning powers. Proffers 3(b) and 3(c) create the

---

[2] The Court is not ruling as to the constitutionality or the authority of the County to adopt a proffered conditional amendment which simply requires maintenance of *a* recreation association, or even specified types of recreation facilities, but the decision is limited to a Proffered Conditional Amendment which requires maintenance of a specified private recreation association.

type of economic favoritism strictly forbidden by the special-law prohibitions[3] of the Virginia Constitution. *See Benderson*, 236 Va. at 146.

Moreover, although the County may place certain restrictions[4] on zoning ordinances, the Constitution, as in this case, is violated where the government dictates membership into a private organization. The government may overcome a group's right to exercise its First Amendment rights where there exists a compelling government interest. For example, the mandatory participation in a state bar organization is constitutional because its promotes the regulation of the legal profession by way of a public institution. Absent a compelling governmental purpose, Virginia law abhors such forced association. *Cf. Shelton v. Tucker*, 364 U.S. 479, 5 L. Ed. 2d 231, 81 S. Ct. 247 (holding that a state statute was unconstitutional because of its unlimited and indiscriminate interference with freedom of association); *see also Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 52 L. Ed. 2d 261, 97 S. Ct. 1782 (1977); *N.A.A.C.P. v. Committee*, 204 Va. 693, 133 S.E.2d 540 (1963). There has been no compelling state interest established in this case.

Having determined the ordinance to be unconstitutional, the Court turns to the County's argument that Jefferson Green's constitutional and statutory challenges are procedurally barred. By letter to Barbara Byron, Director of the Zoning Evaluation Division, dated January 14, 1991, Jefferson Green requested an interpretation of the proffers and specifically asked if it may withdraw from the Bren Mar membership. Jefferson Green, through David Donahue of its Board of Directors, wrote, "At present time there are a number of Jefferson Green residents who want to vote the development out of the Bren Mar Park Recreation Association. We would like to know if the proffers allow Jefferson Green to leave the Recreation Association." (*See* Bill of Complainant and Exhibit D.) The County issued an Interpretation Letter in response to the January 1991 inquiry wherein Byron stated that "a proffered condition amendment would be necessary to change the terms of the [current] proffers." (*See* Bill of Complaint and Exhibit E.)

---

[3] "The test for statutes challenged under the special-laws prohibitions in the Virginia Constitution is that they must bear a reasonable and substantial relation to the object sought to be accomplished by the legislation." *Benderson Devel. Co. v. Sciortino*, 236 Va. 136, 147-48, 372 S.E.2d 751 (1988). There has not been an adequate showing in this case that there is a *substantial relationship* between a legislative objective and the economic favoritism established by the zoning amendment.

[4] Notably, the County did not introduce any evidence that the proffers were made in conjunction with restrictive covenants running with the land. No evidence provided that Bren Mar membership was required under ownership deeds.

The County argues that, by failing to appeal this 1991 Interpretation Letter within thirty days of its issuance, Jefferson Green waived its appeal.

> Any zoning applicant or any other person who is aggrieved by a decision of the zoning administrator made pursuant to the provisions of § 15.2-2299 may petition the governing body for review of the decision of the zoning administrator. All petitions for review shall be filed with the zoning administrator and with the clerk of the governing body within thirty days from the date of the decision for which review is sought and shall specify the grounds upon which the petitioner is aggrieved.

Va. Code Ann. § 15.2-2301. The Interpretation Letter, however, is not a determination or decision; rather, the January 1991 letter reflects advisory comments directing Jefferson Green's next possible efforts. Thus, no deadline to appeal was triggered by the 1991 correspondence. "Until an application was pending asking for specific relief, there could be no denial of any personal or property right resulting from any administrative decision or determination. Without a pending application, the [sic] comments merely were advisory." *Vulcan Materials v. Board of Supervisors*, 248 Va. 18, 24, 445 S.E.2d 97 (1994). The record indicates that the 1991 communications between the zoning administrator and Jefferson Green constituted inquiries and advisories and did not constitute decisions as to which Jefferson Green was aggrieved; therefore, no appeal was required at that time.

However, in September 1996, Bren Mar alerted the County that Jefferson Green had attempted to withdraw from its membership in the Recreation Association. By letter dated October 18, 1996, the Zoning Administrator issued a Notice of Violation to Jefferson Green for its discontinuance of its Bren Mar membership. Zoning Administrator, Jane W. Gwinn, ordered Jefferson Green to remedy its noncompliance with Proffers 3(b) and 3(c) by resuming its Bren Mar membership. In the 1996 Notice of Violation, Gwinn directed Jefferson Green on the appeal procedure and the thirty days filing requirement. Jefferson Green responded by letter dated November 15, 1996, and through counsel declared that they agreed with her position but they never noted an appeal. As Jefferson Green did not file a timely appeal to the 1996 Notice of Violation, they are barred from now seeking judicial review under it regarding the reasonableness of Proffers 3(b) and 3(c) or challenging the validity of the zoning on statutory grounds.

The failure of Jefferson Green to appeal the 1996 actions, however, does not bar an attack on constitutional grounds. Failure to appeal the Notice of

Violation within thirty days only bars judicial review of the reasonableness of the rezoning enactment. *See Fairfax County v. Miller & Smith, Inc.*, 242 Va. 382, 384, 410 S.E.2d 648, (1991); *see also Kole v. City of Chesapeake*, 247 Va. 51, 439 S.E.2d 405 (1994); *City of Alexandria v. Potomac Greens Assoc.*, 245 Va. 371, 429 S.E.2d 225 (1993); *Holland v. Johnson*, 241 Va. 553, 403 S.E.2d 356 (1991); and *Kole v. City of Chesapeake*, 247 Va. 51, 439 S.E.2d 405 (1994).

Despite the constitutional infirmity of the zoning ordinance amendment created by the adoption of the proffered condition, in a final analysis, the proffers must be enforced because Jefferson Green requested and/or consented to their adoption. By consenting, Jefferson Green waived any claim of unconstitutionality. A litigant may waive unconstitutionality of a statute. Importantly, the United States Supreme Court has said, "none would suggest that a litigant may never waive the defense that a statute is unconstitutional." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 231, 131 L. Ed. 2d 328, 115 S. Ct. 1447 (1995). Citizens may also, by consent to the action, waive any attack on unconstitutional actions by the government in a criminal context; for example, in the absence of probable cause, a criminal suspect may agree to be searched, or when a criminal suspect gives a voluntary incriminating statement.

In this case, the developers asked for a zoning amendment in order to develop the property; the conditions they initially proffered in order for the County to accept the zoning amendment were replaced by their adopted proffers, now complained of by Jefferson Green. The developer requested these conditions and as the successors-in-interest to those developers, Jefferson Green unit owners are bound by the developers' original consent. That consent waived any attack on the constitutionality of the amendment.

The County's Motion for Declaratory Judgment is granted, and Jefferson Green is obligated to pay membership dues and monies owed to Bren Mar. The Cross-Bill of Complaint is dismissed with prejudice.