PRESENT: Goodwyn, C.J., Powell, Kelsey, McCullough, and Chafin, JJ., and Russell, S.J.

CAROL RENEE EDWARDS

OPINION BY
v. Record No. 201329                          SENIOR JUSTICE CHARLES S. RUSSELL
                                                      MAY 26, 2022
OMNI INTERNATIONAL SERVICES, INC.


FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
Carson E. Saunders, Jr., Judge


This appeal requires us to consider problems arising when a plaintiff seeks to correct a misnomer in naming the defendant in the plaintiff's initial pleading.

## FACTS AND PROCEEDINGS

The essential facts are undisputed. On February 6, 2019, Carol Renee Edwards (the plaintiff) filed an action in the Circuit Court of Brunswick County claiming damages for personal injuries received as a result of a fall caused by a defective dock at a lake resort that occurred on June 25, 2017. The sole defendant named in her pleading was "Company X, Inc., a Virginia Corporation, purportedly doing business as The Club Lake Gaston Resorts, a/k/a The Club, a/k/a Lake Gaston Resort."

After learning that she had erred in naming the defendant, the plaintiff non-suited the case on February 10, 2020. The plaintiff filed the present action in the same court on March 6, 2020 against Omni International Services, Inc. ("Omni"), a foreign corporation, alleging the same facts regarding her injuries. Omni filed a plea in bar, contending that the present action had been filed over two years after the cause of action accrued and thus outside the two-year statute of limitations period imposed by Code § 8.01-243(A). The plaintiff contended that the error in naming the defendant was a misnomer subject to correction, citing *Richmond v. Volk*, 291 Va. 60 (2016) and *Hampton v. Meyer*, 299 Va. 121 (2020).

At a hearing on the plea in bar, Omni proffered evidence that it had been the sole owner and operator of the Lake Gaston Resort since its inception and the record owner of the land on which it was situated. The proffer also stated that Company X was a completely different corporate entity that was defunct at the time of the hearing and that the two corporations did not share any staff, employees or bank accounts. The proffer also stated that the only relationship between the two was that Omni served as registered agent for Company X and that Company X had done some marketing and "web site work" for Omni at some time in the past. Plaintiff's counsel agreed to accept the proffer.

The circuit court held that Omni and Company X were two separate and distinct entities rather than a single defendant originally misnamed. Thus, the court held that the filing against Omni, made outside the applicable statute of limitations period, did not relate back to the date of the original filing against Company X. The court sustained the plea in bar and dismissed the case with prejudice. We awarded the plaintiff an appeal.

ANALYSIS

In the present case, the undisputed evidence before the circuit court was that Omni was the sole owner of the Lake Gaston Resort since its inception and the sole operator of the business carried on there. It therefore had a duty to take reasonable steps to protect the plaintiff, as a business invitee, from hazardous conditions at the resort. *Amos v. NationsBank, N.A.,* 256 Va. 344, 346 (1998) (stating that a property owner owes an invitee "the duty of using ordinary care to maintain its premises in a reasonably safe condition and to warn . . . of any hidden dangers."). As the record owner of the premises at the time of the plaintiff's alleged injury, Omni was, therefore, an entity "against whom the action could or was intended to be brought." Accordingly, the plaintiff's error was a misnomer rather than a misjoinder.

2

A plaintiff seeking to correct a misnomer has two options.  He may move to amend his pleading pursuant to Code § 8.01-6, which provides:

> A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name.  An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Alternatively, he may nonsuit the case and file a new action correctly naming the defendant, as permitted by our decisions in *Volk* and *Hampton*.  The latter course gives the plaintiff the advantage of an additional six months after the nonsuit order is entered to file a new action pursuant to Code § 8.01-229(E).

The facts in *Volk* and *Hampton* were similar.  Each was an action to recover damages for personal injuries sustained as a result of a motor vehicle collision.  Each plaintiff erred by naming the owner of the car which struck the car in which the plaintiff was riding, rather than its driver, as the defendant.  In neither case, could the defendant drivers claim that they were prejudiced in preparing a defense on the merits by untimely notice of the event in which they had participated.

The facts in the present case differ.  There is no credible evidence that Omni was made aware of the plaintiff's fall on June 25, 2017 until March 2020.  Omni was the registered agent for Company X, not the reverse.  A registered agent's sole duty is to forward to its principal, at its last known address, any process served upon it as registered agent.  Code § 50-73.135(B).  The registered agent has no duty to read or interpret any attached pleadings or warn or give legal

3

advice to the principal. An inference that Omni was made aware of the plaintiff's claim when her first action was filed would be conjecture at best.

Because of the prejudice to the defendant's ability to prepare a defense on the merits after a lapse of two years and eight months, there would be a danger of serious injustice to the defendant if the rulings we made in *Volk* and *Hampton* were to be extended to apply to the facts of this case. We therefore distinguish those cases as applying only to cases in which there is no issue of the timeliness of defendant's notice of the facts on which the plaintiff's claim is based.

Code § 8.01-229(E) applies to nonsuits generally. Code § 8.01-6 is more narrowly focused, applying only to the correction of misnomers. *See Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340 (1979) ("[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, . . . where they conflict, the latter prevails.") Despite the many opportunities the General Assembly has had to amend or repeal Code § 8.01-6 since *Volk* and *Hampton* were decided, it has declined to do so. We conclude that there was no legislative intent to impair the protective preconditions that section provides to a newly added defendant when a plaintiff corrects a misnomer, whether by amending the complaint or by taking a nonsuit and filing a new complaint against the correctly named defendant.

As the party opposing a plea in bar based upon a relation-back effect from a nonsuit followed by a refiling of the complaint changing the name of the defendant, the plaintiff had the burden of showing that each of the four protective preconditions of Code § 8.01-6 has been satisfied. The record here shows that the plaintiff's second filing (against Omni) was made more than eight months outside the applicable two-year limitation period. *See* Code § 8.01-6(ii). The plaintiff also failed to show that Omni would not be prejudiced in maintaining a defense on the

4

merits. *See* Code § 8.01-6(iii). It would be difficult to imagine the challenge facing defense counsel seeking witnesses to an event that had occurred at a recreational resort open to the public, thirty-one months after the event.

CONCLUSION

For the reasons stated, we conclude that the date of the plaintiff's second filing (against Omni) does not relate back to the date of her first filing (against Company X) and is therefore barred by the statute of limitations. Thus, the circuit court did not err in sustaining Omni's plea in bar and dismissing the case with prejudice. Accordingly, the judgment of the circuit court will be affirmed.

*Affirmed.*

JUSTICE KELSEY, with whom JUSTICE CHAFIN joins, concurring in the result.

Asserting a slip-and-fall claim for injuries sustained at the Lake Gaston Resort, Carol Renee Edwards sued Company X, Inc., claiming it "owned and/or operated" the resort. J.A. at 1. She was wrong. Company X, Inc. was a Virginia corporation providing marketing and website services to Omni International Services, Inc. and never once owned or operated the resort. The Lake Gaston Resort had been and still was owned and operated by Omni International Services, Inc. After Edwards realized that she had sued the wrong party, she nonsuited her claim and sued the right party, Omni International Services, Inc. The whole episode should be overlooked as a mere misnomer, Edwards argues, because she had intended to sue the right party but was confused as to who that was.

Prior to *Hampton v. Meyer*, 299 Va. 121 (2020), the judicial response to Edwards's argument would have been easy: Under Virginia law, "[a] misnomer 'arises when the right

5

person is incorrectly named, not where the wrong person is named.'" *Ricketts v. Strange*, 293 Va. 101, 110-11 (2017) (citation omitted). After *Hampton*, however, the answer is still easy but completely different: A misnomer is suing the wrong party while mistakenly thinking it was the right party. In *Hampton*, a car-wreck plaintiff sued a vehicle owner mistakenly thinking he was the negligent vehicle driver. No matter, the majority held, because "stare decisis" required us to hold that the plaintiff's subjective intent to sue the right party rendered his suit against the wrong party a mere "misnomer, not a misjoinder." *Hampton*, 299 Va. at 133-34.

I strongly believe in stare decisis, but it is not "a mechanical formula of adherence to the latest decision, however recent and questionable, when such adherence involves collision with a prior doctrine more embracing in its scope, intrinsically sounder, and verified by experience." *Helvering v. Hallock*, 309 U.S. 106, 119 (1940). In my *Hampton* dissent, I surveyed the leading Virginia cases distinguishing misnomers from misjoinders. *Hampton*, 299 Va. at 141-46 (Kelsey, J., dissenting). All of these decisions were unanimous opinions — and none were consistent with the 4-3 majority opinion in *Hampton*. Then-Chief Justice Lemons, Justice Chafin, and I thus concluded that the majority's reasoning in *Hampton* was "defeated by, not justified by, stare decisis." *Id.* at 149.*

---

\* I continue to question how far the *Hampton* thesis will take us. To date, it permits — in the name of misnomer grace — a vehicle driver to be substituted in the place of a vehicle owner and a landowner to be substituted in the place of an irrelevant marketing company. *See Hampton*, 299 Va. at 134-35; *ante* at 2.

> The majority appears to believe that if the intended target of litigation somehow learns of the plaintiff's misjoinder mistake, either by happenstance or from reading the complaint, then the mistake is no longer a misjoinder. It is transformed into a misnomer. If that were true, a plaintiff could mistakenly sue Honda for a product defect in a Camry. As long as Toyota learned of the suit and remembered that it, not Honda, manufactured the Camry, then what was an obvious misjoinder would be

The case now before us is just like *Hampton*. The plaintiff sued a party thinking it was the right party and later found out that it was the wrong party. Company X, Inc. was not the right party incorrectly named. It was the wrong party correctly named. "The *mis* was not in the *nomer*. It was in the *person* correctly named but incorrectly sued." *Id.* at 135 (emphases in original) (footnote omitted). The majority in the present case applies the same theory used in *Hampton* and concludes that the plaintiff's suit against Company X, Inc. was a "misnomer rather than a misjoinder" because the plaintiff sued the wrong party while intending to sue the right party. *Ante* at 2. This holding is consistent with *Hampton*, the most recent case on point, but it is inconsistent with all prior Virginia cases addressing this subject. I believe our prior precedent (which was not expressly overruled by *Hampton*) continues to have the protection of stare decisis because it is "more embracing in its scope, intrinsically sounder, and verified by experience." *Helvering*, 309 U.S. at 119.

In sum, I agree with the circuit court that the plaintiff's naming of Company X, Inc. instead of Omni International Services, Inc. was a misjoinder, not a misnomer, and that Edwards's suit should be dismissed with prejudice. The majority rejects the circuit court's reasoning and affirms the circuit court's dismissal on a different ground. I thus concur only in the result.

---

downgraded to a mere misnomer. This simple fallacy seems to be fully embraced by the majority. The entire majority opinion can be summarized by just one of its sentences: "Hampton [the plaintiff] sued the correct person — the driver — but used the wrong name," the name of the owner. That is no different from saying, to use the Toyota-Honda hypothetical, that the plaintiff sued the "correct" manufacturer — Toyota — but used the "wrong name," Honda.

*Hampton*, 299 Va. at 146-47 (Kelsey, J., dissenting) (citation omitted).

7