## CIRCUIT COURT OF NORTHAMPTON COUNTY

Clarence L. Goodwyn

v.

Alice C. Bowden

January 14, 1994

Case No. (Law) 93CL053

BY JUDGE GLEN A. TYLER

In this law action arising from an alleged motor vehicle accident, Defendant propounded interrogatories to Plaintiff and, additionally, requested the Clerk to issue a subpoena *duces tecum* to be served upon Lawrence Morales, M.D., of Chesapeake, Virginia. He was Plaintiff's doctor and is his proposed expert witness at trial. The subpoena *duces tecum* was issued September 23, 1993, and served September 28, 1993. The return date was to be October 15, 1993, at the office of Defendant's counsel in Virginia Beach, Virginia, and did not require Dr. Morales to appear or testify.

The subpoena in its first paragraph requires the production of the medical records of the Plaintiff. Then, in paragraph 2, the subpoena requires the production of "Any and all necessary records, documents, charts, or other data compilations, which would enable counsel to determine the following information for calendar years 1991 and 1992." The subpoena then goes on to describe the "information" in terms of total automobile accident patients, with the total then to be broken down into those diagnosed with neck and back injuries, those represented by the Plaintiff's Attorneys, those referred to "MRI of Chesapeake" and to "Physical Therapy and Sports Medicine Center" (in which Defendant believes Dr. Morales has an interest) and, finally, those for whom Dr. Morales had testified in Court in the past.

The third paragraph of the subpoena seeks "All income tax return filings or income tax related records made by or on behalf of Dr.

Morales which reflect in any way income derived by him during calendar years 1991 and 1992 from the following sources . . ." The subpoena then describes the "sources" as the practice of orthopaedic surgery, fees for testifying in litigation, ownership in the above-named two businesses, and for testifying for the Plaintiff's Attorneys in the past.

Plaintiff, not Dr. Morales, filed on October 1, 1993, a motion to quash the subpoena *duces tecum*, citing as grounds "unduly broad and burdensome . . . nor reasonably calculated to lead to the discovery of admissible evidence . . . a 'fishing expedition' . . ." without referring to any particular paragraph of the subpoena. However, in a cover letter with the request for subpoena to the Clerk, copy to Defendant's counsel, the attorney for Plaintiff stated "copies of any and all medical records pertaining to [Plaintiff] retained by Lawrence Morales, M.D., are attached hereto in [sic] the copy of this letter to defense counsel." It is, therefore, apparent that Plaintiff did not intend for the motion to quash to apply to paragraph one of the subpoena.

On November 15, 1993, Defendant filed a motion asking that the subpoena be enforced and that Dr. Morales show cause why he should not be held in contempt for failure to comply. A copy of that motion was served by the Sheriff at the office of Dr. Morales on November 17, 1993. Neither party filed any written pleading in response to the other's motion.

A hearing on the two motions was scheduled and conducted by this Court on December 13, 1993. No evidence was offered by either party. Counsel offered only oral argument with a few agreed facts as indicated by this opinion. The Court requested memoranda, which were provided by both counsel. They responded, among other things, that there are no Virginia cases on the issue, according to their research. There is no indication in the file, or was there any at argument, that the deposition of Dr. Morales is contemplated on this issue at this time, either upon oral examination or written questions.

Defendant mentioned at oral argument that it is the Plaintiff who moves to quash, not Dr. Morales, and cites in his memorandum a case on that point from the United States District Court, *Castle v. Jallah*, 142 F.R.D. 618 (E.D. Va. 1992). However, that case does not hold that a party cannot object to a subpoena *duces tecum* issued to that party's proposed expert witness; it provides that the burden is on the person objecting to discovery to show that discovery should not be allowed.

Furthermore, Rule 4:9(c) of the Rules of the Supreme Court of Virginia specifically permits a motion to quash to be filed "by the party against whom such production is sought." Defendant does not object that Plaintiff's motion language is "unduly broad and burdensome" rather than the language in the Rule, "unreasonable and oppressive." Therefore, the Court will consider that the motion is sufficient to frame the issue.

From oral argument and the memoranda, it was brought to the Court's attention that Defendant's motive for the subpoena was to discover evidence of bias on the part of the Defendant's proposed expert witness, Dr. Morales. Defendant rightly points out that bias can be proved directly and not as a mere collateral issue. *N. & W. Ry. Co. v. Sonney*, 236 Va. 482 (1988). Therefore, Plaintiff's objection to the subpoena on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence is rejected. If permitted, it very well may do so. A "fishing expedition" in that sense is permitted. The issue here is whether the subpoena is overly broad, unreasonable and oppressive, unduly broad and burdensome, however one wishes to put it.

The *Sonney* case is not greatly helpful. It does reveal that bias on the part of a witness is material, but how do you get at it? That case was one regarding examination and cross-examination at trial, not discovery pre-trial by the subpoena of a non-party witness' documents.

Defendant argues that *Jones v. Boardman*, 759 P.2d 953 (Kan. 1988), cited by Plaintiff, does not apply because, it is argued, Defendant does not seek the "content" of medical records other than Plaintiff's own medical records. However, he does indeed ask for records, documents, charts and data compilations from which "counsel" can determine the information sought. Therefore, counsel's argument is incorrect. Certainly, counsel cannot argue that Dr. Morales should undertake to prepare statistical information for him. What would he have Dr. Morales do, assign a secretary to the task, or depending on the number of files and documents, a task force? The problem is that Defendant really is seeking information as opposed to documents, and the only way he can develop the information is to analyze the documents, unless, of course, Dr. Morales would do it for him and assuming he can rely on Dr. Morales to do it accurately. Indeed the solution is simple on its face. But that does not solve the real problem. The real problem is addressed in the *Boardman* case and cases there cited.

In order to resolve this issue, the Court can look only to the subpoena itself, and the matters on its face, since neither party offered any evidence at the hearing on the motions other than the subpoena itself and the apparent agreement of counsel that Dr. Morales was Plaintiff's proposed expert witness. While the subpoena on its face does not appear to be a reasonably specific request, that is, it does not describe the documents with sufficient definiteness to enable Dr. Morales to identify them "without any prolonged or extensive search," 81 Am. Jur. 2d, *Witnesses*, § 32; nevertheless, the Court does not need to resort to that reason to resolve this case.

In *Boardman*, the materials sought included all medical reports made by the doctor for the past six years, his income tax returns, and a list of all cases in which the doctor served as expert witness for the opponent's attorney. This Court does not fully agree with the reasoning of the *Boardman* court underlying its decision, but the rationale used there and acquired from *Ex parte Shepperd*, 513 S.W.2d 813 (Tex. 1974), appears to be sound at this stage of the proceedings in this case. Allowing enforcement of the subpoena as it is presented in this case in the words of *Shepperd* "would permit witnesses to be subjected to harassment and might well discourage reputable experts from accepting litigation-based employment." This Court believes that the information sought would likely lead to the discovery of admissible evidence, but the Defendant may, as in *Boardman*, obtain the information sought through other less obtrusive means, such as depositions. The Rules of Court are broad enough in this Commonwealth to permit such protection at this time in this stage of this case without further evidence than what appears in the subpoena and the matters presented at the hearing on the motions.

The motion to quash as to paragraphs 2 and 3 of the subpoena will be granted, and the motion to enforce the subpoena and require Dr. Morales to show cause will be denied.